UNITED STATES

v.

Gordon K. COLLINS, 129–50–1987, Seaman Recruit (E–1), U.S. Navy.

NMCM 92 2040.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 28 May 1992.

Decided 21 July 1993.

LT Michael K. Pallesen, JAGC, USNR, Appellate Defense Counsel.

LT Mary Grace McAlevy, JAGC, USNR, Appellate Government Counsel.

Before JONES, Senior Judge, and REED and LAWRENCE, JJ.

JONES, Senior Judge:

Pursuant to his pleas, appellant was convicted by special court-martial, military judge alone, of three specifications of unauthorized absence and one specification of breaking restriction, in violation of Articles 86 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 934. The military judge sentenced appellant to a bad-conduct discharge and 90 days' confinement. The convening authority approved the sentence, but in accordance with the terms of the pretrial agreement suspended confinement in excess of 60 days for a period of 12 months.

Appellant now contends that the military judge erred in accepting his guilty pleas because his pleas to two of the three unauthorized absences and the breaking restriction lacked sufficient factual bases. Specifically, he claims that the military judge failed to inquire into the facts surrounding appellant's statement during presentencing that he became an unauthorized absentee because his "wife" (then fiancée) was "having trouble with her pregnancies, was bed stricken (sic), and no other persons were available to stay with her," thus raising the defense of duress. *See generally*, Article 45, Uniform Code of Military Justice, 10 U.S.C. § 845, Rule for Courts–Martial (R.C.M.) 910(h)(2), Manual for Courts–Martial (MCM) United States, 1984 (military judge to inquire into the providence of the plea where, after findings but before sentence is announced, the accused makes a statement inconsistent with his plea of guilty).

Coercion or duress would be a defense to unauthorized absence and breaking restriction if the accused's commission of those offenses is:

> caused by a reasonable apprehension that the accused or another innocent person would be immediately killed or would immediately suffer serious bodily injury if the accused did not commit the act. The apprehension must reasonably continue throughout the commission of the act. If the accused has any reasonable opportunity to avoid committing the act without subjecting the accused or another innocent person to the harm threatened, this defense shall not apply.

R.C.M. 916(h), MCM, 1984; *see also United States v. Hullum*, 15 M.J. 261 (C.M.A.1983) (duress recognized as defense to a charge of unauthorized absence).

■ During the providence inquiry, appellant provided a factual basis for all of the elements of each of the offenses; however, during the presentencing portion of the trial, appellant explained the reasons for his absences as follows:

> DC: [Y]ou were a pretty reliable sailor up until a point about 1991. What happened at that time? Why did you start going UA?
>
> ACCUSED: My fiancée was having problems with her pregnancy and she was bed stricken (sic) at the time and neither her family nor my family could be there to help stay with her, so I took it upon myself to stay with her at that time.
>
> . . . .
>
> DC: Okay. What kind of problems was she having? Was she having real (sic) serious problems?
>
> ACCUSED: She had cysts on her ovaries that were causing her abdominal pain and she had to go through two surgeries to try to get them removed before the pregnancy.
>
> DC: Is she from Michigan?
>
> ACCUSED: Yes. She is.
>
> DC: Is that why you kept going back to Michigan, to be with her during that time?
>
> ACCUSED: Yes. It was.

■ We believe that the statement made by appellant to the military judge negated, rather than supported, the possibility that appellant could have raised the defense of duress and that the explanation given by appellant for his absences was not inconsistent with his guilty pleas. In reaching this conclusion, we adopt the reasoning of our Army brethren in limiting the application of the duress defense to those instances in which the coercion is imposed by a third party, not by the accused or another innocent person. *United States v. Mitchell*, 34 M.J. 970 (A.C.M.R.1992).

The plain language of R.C.M. 916(h) leads to the conclusion that the defense of duress is intended to apply only to cases where the coercion is asserted by third persons. R.C.M. 916(h) requires that an "innocent person would immediately *be killed* or suffer serious bodily injury" (emphasis added) to support the defense. It also refers to "harm threatened" to an accused or another innocent person. This supports the conclusion that the defense contemplates harm by another, not self-inflicted injury. Al-

though we have been unable to find any military cases in point, we conclude that the defense of duress is not in issue unless the duress is imposed by a person other than the accused or an innocent person.

. . . .

The duress defense typically has been applied to situations where a third party causes an accused or another innocent person such as a relative to face immediate death or great bodily harm and, as a result, forces the accused to commit an offense. The third party's actions amount to separate criminal conduct....

*Mitchell* at 972. *See also United States v. Rankins,* 34 M.J. 326, 330, n. 2 (C.M.A. 1992) (duress defense applies only to cases where the coercion is asserted by third persons).

Based on the hesitation expressed by our senior court in *Rankins,* we leave for another day the question whether the "necessity" defense, as separate from the "duress" defense, is recognized in military criminal law. *Rankins* at 330–331 (Gierke, J. concurring in the result.)[1]

■ Even if we were to conclude that the defense of duress could be asserted under these facts, we find the record is sufficiently complete for the military judge to have concluded that there was no reasonable possibility that the requirements for the defense had been met. Nothing within the unsworn statement of appellant satisfies either the reasonableness or immediacy requirements of R.C.M. 916(h). The record shows that appellant's fiancée had surgery prior to her pregnancy and that this surgery may have created additional abdominal discomfort during the early stages of her pregnancy. This situation does not place appellant's fiancée in immediate danger of death or serious bodily injury. Nor is it clear to us that his fiancée's medical complications are directly as-

sociated in time with appellant's absences. If the pain were of such a threatening nature, the reasonable solution would have been to acquire medical attention, not for the accused to absent himself from his command in Norfolk, Virginia to travel to Michigan. Further, and related to the immediacy part of the defense, there is no showing that appellant tried to avoid committing the offenses. The record shows that appellant's fiancée carried to term and that both mother and baby were fine. To contend as appellant now does on appeal that his fiancée may have suffered death or serious injury at some unspecified time is patently insufficient. *Rankins* at 330.

■ We should not find error in a military judge's acceptance of a guilty plea because there was a "mere possibility of conflict." *United States v. Logan,* 47 C.M.R. 1, 3 (C.M.A.1973). Rejection of a plea is only required when there is a substantial basis in law and fact for questioning a plea of guilty. *United States v. Prater,* 32 M.J. 433, 436 (C.M.A.1991). Here, the record is replete with evidence that negates any possibility of a duress defense.

The second and third assignments of error are without merit. *United States v. Weiss,* 36 M.J. 224 (C.M.A.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993); *United States v. Graf,* 35 M.J. 450 (C.M.A.1992). The findings of guilty and the sentence, as approved and suspended in part below, are affirmed.

Judge REED and Judge LAWRENCE concur.

---

1. As Judge Crawford notes in her lead opinion, "[a]t common law the duress defense applied only to cases where the coercion was asserted by third persons," but the "question remains whether a fair reading of R.C.M. 916(h), its Discussion and Analysis (and cases cited there-

in), supports limiting the defense to its common-law application or rather to expanding the defense to include coercion from third persons or pressure from any physical or natural force." *Rankins* at 329. (Citation omitted.)