**UNITED STATES, Appellee,**

v.

**Sergeant Andre T. GREEN, 264–53–0717, United States Army, Appellant.**

**ACMR 9300505.**

U.S. Army Court of Military Review.

31 Jan. 1994.

For Appellant: Major Robin L. Hall, JAGC, Major Brian D. Bailey, JAGC, USAR, Captain Lawrence W. Andrea, JAGC, Captain Thomas D. Wight, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Major Joseph C. Swetnam, JAGC, Captain Gregory T. Baldwin, JAGC, Captain Joel B. Miller, JAGC (on brief).

Before GRAVELLE, JOHNSTON, and BAKER, Appellate Military Judges.

## OPINION OF THE COURT

BAKER, Judge:

The appellant was tried by a general court-martial composed of officer and enlisted members. Pursuant to his pleas, he was convicted of adultery in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1988) [hereinafter UCMJ] but acquitted of rape in violation of Article 120, UCMJ. He was sentenced to a bad-conduct discharge. The convening authority approved the sentence, but suspended execution of the bad-conduct discharge for two years.

We specified the following issue:

WHETHER THE MILITARY JUDGE ESTABLISHED A SUFFICIENT FACTUAL PREDICATE FOR THE APPELLANT'S PLEA OF GUILTY TO ADULTERY IN VIOLATION OF ARTICLE 134, UCMJ.

After carefully reviewing briefs submitted by appellate counsel on this issue, we conclude that the military judge established a sufficient factual predicate for the appellant's plea of guilty.

Before accepting a plea of guilty, a military judge must conduct a searching and detailed inquiry of the accused to determine if he understands his plea, has entered it voluntarily, and is in fact guilty of the charged offense. *United States v. Davenport*, 9 M.J. 364 (C.M.A.1980); *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969). The military judge must satisfy himself not only that the accused believes he is guilty but also that the factual circumstances—as revealed by the accused—objectively support the plea. *Davenport*, 9 M.J. at 367. The record of this "providence inquiry" is critical for our review since, pursuant to Article 66(c), UCMJ, we may affirm only such findings of guilty as we find correct in law and fact. Conversely, we must set aside findings of guilty when the record of trial shows a "substantial basis" in law and fact for questioning the providence of the plea. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991); *United States v. Logan*, 22 U.S.C.M.A. 349, 351, 47 C.M.R. 1, 3, 1973 WL 14641 (1973); *United States v. Collins*, 37 M.J. 1072, 1074 (N.M.C.M.R.1993).

During the initial stage of the providence inquiry in this case, the military judge properly advised the appellant concerning the elements of the crime of adultery as it presently exists in military law:

First, that on or about 14 October 1992 at Fort Sam Houston, Texas, you wrongfully had sexual intercourse with [Miss J]; second, that, at the time, you were married to somebody other than [Miss J]; and third, that, under the circumstances, your conduct was to the prejudice of good order and discipline in the Armed Forces, or was of a nature to bring discredit upon the Armed Forces.

After properly defining "conduct prejudicial to good order and discipline," "service discrediting conduct," and "sexual intercourse," the military judge obtained the appellant's acknowledgement that he understood the elements. He also asked the appellant if he understood that his plea of guilty admitted that the elements, taken together, correctly described what he did. The

appellant straightforwardly replied, "Yes, sir," to each query.

During a lengthy follow-up inquiry, the military judge elicited sworn testimony from the appellant which clearly established he had sexual intercourse with Miss J while he was legally married to another. The following colloquy then took place:

MJ: Now, do you believe that, under the circumstances, your conduct was to the prejudice of good order and discipline in the Armed Forces or service discrediting?

ACC: I don't really believe that—I don't think so, sir, because, at the time—well, I don't know exactly, I don't understand that—exactly what that means——

. . . .

MJ: Now, you were married to somebody else, and yet, you had sexual intercourse in the barracks with this female?

. . . .

ACC: Well, sir, see, this is the problem that I have. Me and my wife, Deborah, have been separated for over a year and a half with the intent to divorce. The divorce papers were placed—you know, were put in, and it's because of the circumstances, the places I've been, and the things that's been going on is one of the reasons—you know, that's—I mean, I didn't consider myself married even though I was legally married. I just——

MJ: Well, would you feel better if you just pleaded not guilty to this——

ACC: Well, I mean—but from what I know, if I'm legally married, you know, by law——

MJ: Well, no. Let me explain something to you. There are different elements to the crime. One is you have to be married—well, in your case, I mean there are other variations, but in your case, you have to be married to somebody else.

ACC: Right.

MJ: All right. And that the sexual intercourse has to be wrongful, and that it has to be prejudicial to good order and discipline or service discrediting. Now, let me explain something else to you, not every act of—not every act of sexual intercourse by a married man, to somebody other than—with somebody other than his wife, is a crime. It may be wrong in a . . . biblical sense. It may be wrong morally. It may be wrong in some states, illegal in some states, but in the military the mere act of sexual intercourse is not in and of itself a crime. . . .

. . . .

MJ: All right. Now, do you believe that your conduct was prejudicial to the good order and discipline?

ACC: Yes, I do.

MJ: Or service discrediting?

ACC: Yes, sir.

MJ: Why do you believe that?

ACC: Because I did have sex in the barracks, and it was in the barracks, and it wasn't with my wife, and it, also, was with a civilian.

. . . .

MJ: Is that what you believe, it was wrong?

ACC: I believe it was prejudice [sic] against the Army because the fact that I was in the barracks when it happened, and plus, the people that saw us were up there. You know, I know that you don't do stuff like that. I know that.

In *United States v. Perez*, 33 M.J. 1050 (A.C.M.R.1991), this court considered adultery as an Article 134, UCMJ, offense in a similar fact situation. In *Perez*, the accused was still married but had been separated from his wife for just over a year. They had entered into a separation agreement which provided that "each party 'could conduct individual business and personal affairs without interfering with each other in any way, just as if [they] were not married'." *Id.* at 1052. The sexual liaison was with a civilian partner and occurred off post. The court concluded that the circumstances did not show that the accused's conduct adversely affected good order and discipline and, accordingly, found the evidence legally insufficient to prove prejudice to good order and discipline. *Id.* at 1054. Similarly, the court found no evidence that the accused's conduct offended local law or community standards and, accordingly, found the evidence legally insufficient to

prove discredit to the armed forces. *Id.* at 1055.

Unlike *Perez,* the case at bar was not contested. Accordingly, an admission that conduct was prejudicial to good order and discipline or service discrediting (after an acknowledgment that those terms were understood) would have been minimally sufficient for the military judge and for us. *United States v. Cornelius,* 29 M.J. 501 (A.C.M.R.1989). *See also United States v. Yancey,* 36 M.J. 859 (A.C.M.R.1993) and *United States v. Plante,* 36 M.J. 626 (A.C.M.R.1992). Further inquiry was necessary, however, when the appellant indicated he did not "really believe" his conduct was prejudicial to good order and discipline or service discrediting and, further, did not understand "exactly what that means."

The military judge correctly focused on whether the appellant's conduct was prejudicial to good order and discipline or service discrediting and not whether he was married to another even after the appellant explained that he did not consider himself married. Despite the ambiguity, the appellant continued to admit that he was in fact married to another. As evidenced in *Perez,* marriage continues even if there is a separation agreement or long-term separation. We note that mistake of fact might conceivably preclude conviction for an accused who, despite being legally married, honestly and reasonably believes he is divorced. *See United States v. Adams,* 33 M.J. 300, 302 (C.M.A.1991); *United States v. Fogarty,* 35 M.J. 885, 892 (A.C.M.R.1992). However, that was clearly not the appellant's contention.

 Conduct prejudicial to good order and discipline is conduct which causes a reasonably direct and obvious injury to good order and discipline. Manual for Courts–Martial, United States, 1984, Part IV, para. 60c(2)(a). Service discrediting conduct is conduct which "has a tendency to bring the service into disrepute or which tends to lower it in public esteem." *Id.,* para. 60c(3). Proof of either is sufficient for proof of "criminal" adultery.

 While the appellant admitted his conduct was service discrediting, we are not convinced this could have been so. As in *Perez,* there was no indication that the appellant's conduct offended either local civil law or community standards. Indeed, it is our sense that imposition of punishment for adultery has become alien to the civilian's concept of criminal law. *See United States v. Hickson,* 22 M.J. 146, 147 (C.M.A.1986). In any case, to prove service discrediting conduct, the public must be aware of the behavior and the military status of the offender. *United States v. Kirksey,* 6 U.S.M.C.A. 556, 20 C.M.R. 272, 275, 1955 WL 3564 (1955). The facts elicited from the appellant—that sexual intercourse occurred in the barracks and with a civilian partner—hardly seem dispositive on this issue. We assume in this regard, that the other "people" who saw the appellant and his partner in the barracks were soldiers and that they did not actually witness the sexual acts. *See United States v. Berry,* 6 U.S.C.M.A. 609, 20 C.M.R. 325, 330, 1956 WL 4521 (1956).

Prejudice to good order and discipline is easier to find in this case. Again, there was no indication of a violation of local civil law. Adultery is not, however, alien to the soldier's concept of criminal law. Close working and living conditions and frequent family separations characteristic of military service give it the potential for serious impact on good order and discipline. *See, e.g., United States v. Collier,* 36 M.J. 501 (A.F.C.M.R. 1992). Disciplinary action and courts-martial for criminal adultery are not infrequent.

It appears from the appellant's plea admissions that his marital relationship was not affected by his act of adultery and this was substantiated by his estranged wife's testimony on sentencing. Hence, there appears no actual or potential for marital discord and strife—the typical sort of prejudice to good order and discipline seen in cases of criminal adultery. Proof of prejudice to good order and discipline in criminal adultery cases does not, however, require that an accused's marital relationship (or the marital relationship of a married partner) be affected or potentially affected. It may, for example, involve discord and strife with a sexual partner who is not made aware that one is married to another.

In the case at bar, we find adequate proof of prejudice to good order and discipline in appellant's admission that he, a noncommissioned officer, knowingly violated the law in a situation where other soldiers could see or find out about it. The direct and obvious injury to good order and discipline which can be inferred from these facts is twofold. First, the appellant's conduct would tend to reduce the other soldiers' confidence in his integrity, leadership, and respect for law and authority. Second, the example he provided would tend to cause the other soldiers to be less likely to conform their conduct to the rigors of military discipline. In sum, the military judge properly assured himself that the appellant believed he was guilty and that factual circumstances supported the plea before finding the appellant guilty. We in turn are convinced the finding of guilty is correct in law and fact.

The findings of guilty and the sentence are affirmed.

Senior Judge GRAVELLE and Judge JOHNSTON concur.