UNITED STATES of America

v.

David J. PHILLIPS, Corporal (E–4), U.S. Marine Corps.

NMCCA 200900568.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 5 Feb. 2009.

28 Sept. 2010.

For Appellant: LT Michael Maffei, JAGC, USN.

For Appellee: LT Brian Burgtorf, JAGC, USN.

Before F.D. MITCHELL, J.A. MAKSYM, R.E. BEAL, Appellate Military Judges.

**PUBLISHED OPINION OF THE COURT**

MITCHELL, Senior Judge:

A military judge sitting as a general court-martial convicted the appellant, consistent with his pleas, of one specification of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. The military judge also found him guilty, contrary to his pleas, of wrongfully possessing child pornography, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The appellant was sentenced to confinement for 15 months, reduction to pay grade E–1, forfeiture of all pay and allowances, and a dishonorable discharge. The convening authority approved the sentence as adjudged.

The appellant submitted two assignments of error. He first avers that the evidence was legally and factually insufficient to sustain a conviction for possession of child pornography, in violation of Article 134, clauses 1 and 2. He specifically contends that the terminal elements of the alleged violations i.e., that his conduct was prejudicial to good order and discipline and service discrediting, were not proven beyond a reasonable doubt. Second, the appellant argues that a sentence which included a dishonorable discharge was inappropriately severe.

We have considered the record of trial, the pleadings of the parties, and the oral argument presented in this matter. We find that the evidence contained in this record is legally and factually sufficient to support a conviction of Article 134, UCMJ, under a clause 2 theory of liability. Specifically, we find that possession of child pornography absent legal justification is *per se* service discrediting conduct. As to the remaining findings and sentence, we find them to be correct in law and fact and that there are no errors materially prejudicial to the substantial rights of the appellant. Arts. 59(a) and 66(c), UCMJ.

**Factual Background**

The appellant was assigned to Combat Logistics Regiment 37, 3d Marine Logistics Group, Okinawa, Japan. While the subject of an investigation conducted by the Naval Criminal Investigative Service (NCIS) on an unrelated larceny charge, the appellant agreed to a consent search of his barracks room to include his personal laptop computer. After the NCIS agent executed the appropriate paperwork for the consent search of his room, the appellant made a statement to the NCIS agent to the effect that he had "previously or recently downloaded or accidentally downloaded a few images which might be child pornography." Record at 113. Based on this disclosure, the NCIS agent advised the appellant that he was broadening his search to include evidence of possession of child pornography and made a modification to the permissive search form which the appellant acknowledged. *Id.* at 114–15. When the NCIS agent and the appellant arrived at his barracks room, the laptop was on and running a program in which numerous files were in various stages of downloading. The NCIS agent was able to view some of the titles as they downloaded which included age and sexual descriptions. *Id.* at 116–17. An examination of the appellant's computer by a Defense Computer Forensics Laboratory examiner determined that it contained child pornography.

In addition to the larceny charge to which the appellant pleaded guilty, he was charged with a single specification of violating Article 134, UCMJ, under both clauses 1 and 2; specifically, "knowingly and wrongfully possess[ing] visual depictions of minors engaging in sexual explicit conduct, which conduct was prejudicial to good order and discipline in the armed forces and service discrediting." At trial, the Government's evidence consisted of testimony from the NCIS agent who seized the computer and took the appellant's statement, and testimony from the computer examiner who confirmed the presence of child pornography on the appellant's laptop computer.

On appeal, the appellant avers that because he was charged with a violation under both clause 1 and 2 theories of liability, the Government was required to prove that his conduct was both prejudicial to good order and discipline *and* service discrediting. As to the clause 1 theory of liability, he argues that since his misconduct happened in his barracks room when his roommate was away for three months in a temporary additional duty status, and that no one from the

military witnessed his misconduct or testified as to the impact his actions had on the command or the military in general, the Government did not prove beyond a reasonable doubt that his conduct was prejudicial to good order and discipline, the terminal element required for a clause 1 violation. Appellant's Brief of 22 Dec 2009 at 11. Similarly, pertaining to the clause 2 theory of liability, the appellant argues that service discrediting conduct must be open and notorious, such that a third person observed it or that it was reasonably likely that a third person would observe it, and that the Government likewise failed to prove this element beyond a reasonable doubt. Appellant's Brief at 13. The appellant concludes that since the Government presented no evidence on either terminal element, his conviction is legally and factually insufficient. We disagree.

## Legal and Factual Sufficiency

Article 66(c), UCMJ, requires a *de novo* review of the legal and factual sufficiency of each approved finding of guilt. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F.2002). The test for legal sufficiency is whether, considering the evidence in the light most favorable to the Government, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Turner*, 25 M.J. 324, 325 (C.M.A.1987); *United States v. Reed*, 51 M.J. 559, 561–62 (N.M.Ct.Crim.App. 1999), *aff'd*, 54 M.J. 37 (C.A.A.F.2000); *see also* Art. 66(c), UCMJ. The test for factual sufficiency is whether, "after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses," this court is convinced of the appellant's guilt beyond a reasonable doubt. *Turner*, 25 M.J. at 325.

## Analysis and Discussion

■ The statutory elements that the Government must prove beyond a reasonable doubt are: (1) That the accused did or failed to do certain acts; and (2) That under the circumstances, the accused's conduct was to the prejudice of good order and discipline in the armed forces or was a nature to bring discredit upon the armed forces. MANUAL FOR COURTS MARTIAL, UNITED STATES (2005 ed.), Part IV, ¶ 60b.

We first address the appellant's contention that since he was charged under Article 134, clauses 1 and 2 in the conjunctive, the Government had a greater burden in that it had to prove beyond a reasonable doubt that the appellant's conduct was both prejudicial to good order and discipline and service discrediting. The appellant seems to argue that clause 1 and clause 2 violations are separate offenses with separate terminal elements. We disagree. The terminal "element" language in clause 1 and 2 specifications are not separate elements that define different offenses, but are rather alternate theories of liability contained within the same element, even if charged in the conjunctive. This position is supported by the Court of Appeals for the Armed Forces (CAAF) in *United States v. Wilcox*, 66 M.J. 442 (C.A.A.F.2008). In *Wilcox*, the CAAF, while grappling with a charged violation of Article 134 in a First Amendment context, detailed the sufficiency of proof required to meet the second element for conduct charged under a clause 1 and 2 "theory" of liability. *Wilcox* 66 M.J. at 448. *See also United States v. Medina*, 66 M.J. 21, 25 (C.A.A.F.2008). In the present case, the charge, in all likelihood, was drafted in this manner for contingencies of proof in an appropriate exercise of prosecutorial discretion. We find this aspect of the appellant's argument unpersuasive.

Having established that violations charged under clauses 1 and 2 of Article 134 are theories of liability vice separate offenses, we next consider the appellant's argument that the evidence adduced at trial was insufficient to sustain a conviction for an Article 134 violation under either theory of liability beyond a reasonable doubt.[1] We begin our

---

1. Because we find that clauses 1 and 2 are alternate theories of liability, we need only address the question of whether all of the elements under either theory of liability have been proven beyond a reasonable doubt. The analysis and decision in this case is limited to that part of the specification which pertains to the Article 134, clause 2 violation. As such, we need not and do not address whether the appellant's conduct was

discussion with an analysis as to what evidence the Government is required to present to prove an Article 134, clause 2 offense beyond a reasonable doubt. The terminal element of a clause 2 offense requires that the conduct be of a nature to bring discredit upon the armed forces. "Discredit" means to injure the reputation of the armed forces. This clause of Article 134 makes punishable conduct which has a tendency to bring the particular service into disrepute or which tends to lower it in public esteem. Acts in violation of a local civil law may be punished if they are of nature to bring discredit upon the armed forces. MCM, Part IV, ¶ 60c(3).

■ There has been no bright-line rule established by military appellate courts as to what evidence is required to prove the second element of clause 2 offenses. It is, however, well-established that there is no requirement that the Government show actual damage to the reputation of the military. *United States v. Hartwig*, 39 M.J. 125, 130 (C.M.A.1994). The test is rather whether the appellant's offense had a tendency to bring discredit upon the service. *United States v. Saunders*, 59 M.J. 1, 11 (C.A.A.F. 2003). The initial question not previously addressed by this court is whether the public has to be aware of the appellant's misconduct and his military status in order to find him guilty of the terminal element of a clause 2 offense. We answer that question in the negative. The more substantive question is whether the possession of child pornography by a uniformed member of the Armed Forces is *per se* service discrediting. We find that it is, especially under the facts and circumstances of this case.

While this may be a case of first impression for this court, our sister service appellate courts have grappled with these questions and are at different ends of the judicial spectrum regarding the first question, or the requirement that the public actually have knowledge of the misconduct and the military status of the offender in order to satisfy the terminal element in clause 2 specifications. The Army Court of Military Review took the position that in order to prove service dis-

crediting conduct, the public must be aware of the behavior and the military status of the offender. *United States v. Green*, 39 M.J. 606, 609 (A.C.M.R.1994). Our Coast Guard counterparts expressly rejected this position in *United States v. Nygren*, 53 M.J. 716, 718 (C.G.Ct.Crim.App.2000). The Coast Guard position was adopted by the Air Force Court of Criminal Appeals in *United States v. Mead*, 63 M.J. 724 (A.F.Ct.Crim.App.2006). In *Mead*, like the case at bar, the appellant was charged with possession of child pornography under Article 134, clause 2, and on appeal averred that no evidence was offered on the terminal element (i.e., that someone in the public was aware of the appellant's transgressions and his military status). The Air Force Court, agreeing with the Coast Guard Court, held "we likewise know of no other authority that requires public awareness of an accused's behavior and military status in order to establish the service discrediting nature of possession of child pornography." *Mead*, 63 M.J. at 729.

The CAAF appears to employ a totality of the circumstances test surrounding the alleged offense, to include the offense itself, in determining whether the appellant's misconduct has a tendency to bring discredit upon the armed forces. For example in *United States v. Davis*, 26 M.J. 445 (C.M.A.1988), the then-Court of Military Appeals (CMA) found that where the appellant was charged with cross-dressing on base, his conduct "virtually always would be prejudicial to good order and discipline and discrediting to the Armed Forces." *Id.* at 449. But compare that opinion to the decision in *United States v. Guerrero*, 33 M.J. 295 (C.M.A.1991) where the CMA held that where the appellant was charged with cross-dressing and he did so at his off-base residence, "it is not the cross-dressing per se that gives rise to offense. Rather it is (1) the time, (2) the place, (3) the circumstances, and (4) the purpose for the cross-dressing, all together, which form the basis for determining if the conduct is prejudicial to good order and discipline ... or was of a nature to bring discredit upon the armed forces."[2] *Id.* at 298 (citations and internal

---

prejudicial to good order and discipline, in violation of Article 134, clause 1.

2. In *Guerrero*, based upon the aforementioned factors, the CMA did, however, find that appel-

quotation marks omitted). The CMA in *Guerrero* went on to say that had this conduct occurred "in the privacy of his home, with ... no reasonable belief that he was being observed by others or bringing discredit to his rating as a chief petty officer or to the U.S. Navy, it would not constitute the offense." *Id.* (footnote and citation omitted). These cases, unlike the case at bar, however, involved misconduct that outside of the military environment would not constitute a violation of domestic law.

■ In determining whether an offense has a tendency to discredit the Armed Forces, we consider factors such as whether the misconduct is generally recognized as illegal under the common law or most statutory penal codes, or whether the misconduct taken outside the context of the military would be lawful. The appellant was convicted of, *inter alia,* knowingly possessing child pornography. The Child Pornography Prevention Act (CPPA) makes it a criminal offense to possess or receive child pornography.[3] With the limited exception of law enforcement personnel and others in the justice system, we can think of no legitimate reason for a person to possess such contraband or any scenario in which the possession of such material would be protected by the First Amendment of the Constitution. Like the CAAF, we find it "intuitive that the viewing of child pornography discredits those who do it, as well as the institutions with which those persons are identified." *U.S. v. Medina,* 66 M.J. at 25.

■ We join with the Air Force and Coast Guard courts in concluding that actual public awareness of the service member's misconduct and his military status is not required in order to establish that possession of child pornography is service discrediting. We find that a reasonable trier of fact, under the circumstances of this case, would find the

appellant's misconduct to be service discrediting. We additionally note that this was a judge alone trial and we presume the military judge knew of his responsibility to make an independent judgment on each and every element of the offense. *United States v. Raya,* 45 M.J. 251, 253 (C.A.A.F.1996). After thoroughly reviewing all of the evidence in this case, we too are convinced of the appellant's guilt beyond any reasonable doubt.

We affirm only that part of the specification alleging a violation of clause 2 of Article 134, i.e., that the appellant's conduct is service discrediting. As such, we leave for another day the matter of whether like conduct would be prejudicial to good order and discipline, a clause 1 violation, without specific proof of the terminal element.

### Sentence Appropriateness

■ In his final assignment of error, the appellant avers that the punishment which includes a dishonorable discharge is inappropriately severe. The child pornography visual images contained on the appellant's computer included at least one video clip of a female purported to be 12 years old engaging in sexual intercourse with a mature male. After reviewing the record and all of the evidence, including the forensic evidence seized from the appellant's computer, we are convinced that the sentence in this case is appropriate for this offender and these offenses. *United States v. Baier,* 60 M.J. 382, 384 (C.A.A.F.2005); *United States v. Healy,* 26 M.J. 394 (C.M.A.1988). Granting sentence relief at this point would be to engage in clemency, a prerogative reserved for the convening authority. *Healy,* 26 M.J. at 395–96.

### Conclusion

The findings of the military judge on the Charge (violation of Article 134) and specifi-

lant's conduct was prejudicial to good order and discipline.

**3.** The appellant would have, in all likelihood, been charged with a violation of the CPPA, 18 U.S.C. § 2252(A)(a)(5)(A), under clause 3 of Article 134, had this misconduct occurred in the

United States. The appellant was charged with possessing child pornography while he was stationed in Okinawa, Japan. While the CPPA has no extraterritorial application, the lack of jurisdiction hardly transforms the nature of the appellant's behavior.

cation are affirmed, except for the words "prejudicial to good order and discipline in the armed forces and." The findings as to the excepted words are set aside. The findings of the military judge on the additional charge (larceny) and the sentence are affirmed.

Senior Judge MAKSYM and Judge BEAL concur.