UNITED STATES, Appellee

v.

David J. PHILLIPS, Corporal
U.S. Marine Corps, Appellant

No. 11-0148

Crim. App. No. 200900568

United States Court of Appeals for the Armed Forces

Argued April 6, 2011

Decided June 28, 2011

STUCKY, J., delivered the opinion of the Court, in which EFFRON,
C.J., and BAKER, J., joined.  RYAN, J., filed a dissenting
opinion, in which ERDMANN, J., joined.

<u>Counsel</u>

For Appellant:  Lieutenant <u>Michael R. Torrisi</u>, JAGC, USN
(argued).

For Appellee:  Captain <u>Robert E. Eckert Jr.</u>, USMC (argued);
Colonel <u>Louis J. Puleo</u>, USMC, and <u>Brian K. Keller</u>, Esq. (on
brief).

Amicus Curiae (for neither party):  <u>Clayton S. McCarl III</u> (law
student) (argued); <u>Jennifer A. Gibson</u>, Esq. (supervising
attorney), and <u>Lindsay I. McCarl</u> (law student) (on brief) -- for
the University of the Pacific, McGeorge School of Law Appellate
Advocacy Clinic.

Military Judge:  David S. Oliver

<u>**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION**</u>.

Judge STUCKY delivered the opinion of the Court.

To establish a violation of clause 2 of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006), the government must prove beyond a reasonable doubt that (1) the accused engaged in certain conduct; and (2) that the conduct was of a nature to bring discredit upon the armed forces. We granted review to consider the necessary quantum of proof to establish the second element. We hold that evidence that the public was actually aware of the conduct is not necessarily required. Furthermore, proof of the conduct itself may be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that, under all the circumstances, it was of a nature to bring discredit upon the armed forces. The evidence was legally sufficient in this case.[1]

I.

Consistent with his plea, Appellant was convicted by a military judge sitting as a general court-martial of larceny in violation of Article 121, UCMJ, 10 U.S.C. § 921 (2006). Contrary to his plea, Appellant was convicted of wrongfully possessing child pornography as conduct prejudicial to good order and discipline (clause 1) and conduct of a nature to bring

_____

[1] We heard oral argument in this case at the University of the Pacific, McGeorge School of Law, Sacramento, California, as part of the Court's "Project Outreach." This practice was developed

discredit upon the armed forces (clause 2) in violation of Article 134.

The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for fifteen months, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The United States Navy-Marine Corps Court of Criminal Appeals (CCA) set aside the military judge's findings as to clause 1 of the Article 134 charge, affirmed Appellant's conviction under clause 2, and affirmed the larceny conviction as well as the sentence. United States v. Phillips, 69 M.J. 642, 646-47 (N-M. Ct. Crim. App. 2010). It is the conviction under clause 2 that is at issue here.

## II.

While Appellant was assigned to Combat Logistics Regiment 37, 3d Marine Logistics Group, Okinawa, Japan, he became the subject of a Naval Criminal Investigative Service (NCIS) investigation in relation to conduct resulting in Appellant's conviction for larceny. During the course of that investigation, Appellant consented to a search of his barracks room, including his personal computer. After the consent form was completed, Appellant apparently asked one of the investigators, Special Agent (SA) Michael A. Bonilla, whether it

---

as a public awareness program to demonstrate the operation of a federal court of appeals and the military justice system.

would be a problem if the investigators found pornography on his computer.  SA Bonilla responded that "we don't look into [that] unless, of course, we're talking about child pornography."  SA Bonilla testified that Appellant then acknowledged that "he had either previously or recently downloaded or accidentally downloaded a few images which might be child pornography."  SA Bonilla obtained Appellant's consent to expand the scope of the consent search to include evidence of possession of child pornography.

Upon arrival at Appellant's barracks, SA Bonilla observed that Appellant's laptop was in the process of downloading "numerous files" using LimeWire file sharing software, with "at least 30 or 40" file names visible at the time, some of which were "consistent with child pornography."  David E. Lutzow, a contract worker at the United States Department of Defense Computer Forensics Laboratory, testified that the LimeWire software on Appellant's computer had been used to search other computers connected to the Internet using peer-to-peer technology for files with filenames including the words "underage" and "pedo."  Mr. Lutzow also testified that, of the files examined in detail, five images and two movies matched files in the National Center for Missing and Exploited Children database, connecting files in Appellant's possession to known child victims and demonstrating possession of actual child

pornography.  No witnesses testified that they found Appellant's

conduct to be service discrediting.  No witnesses testified that

they had become aware or would have become aware of Appellant's

conduct, absent Appellant's admission to SA Bonilla.

### III.

Appellant's possession of actual child pornography resulted

in his conviction for wrongful possession of child pornography

in violation of clause 2 of Article 134.  In reviewing his

conviction, the CCA issued an opinion that is subject to

multiple interpretations.

While the CCA recognized that service discrediting conduct

was an element of a clause 2 offense under Article 134, it then

observed that:

> There has been no bright-line rule . . . as to what
> evidence is required to prove the second element of
> clause 2 offenses. . . . The initial question not
> previously addressed by this court is whether the
> public has to be aware of the appellant's misconduct
> and his military status in order to find him guilty of
> the terminal element of a clause 2 offense.  We answer
> that question in the negative.  The more substantive
> question is whether the possession of child
> pornography by a uniformed member of the Armed Forces
> is per se service discrediting.  We find that it is,
> especially under the facts and circumstances of this
> case.

69 M.J. at 645 (emphasis added) (citations omitted).

We have previously considered the question of what need be

proven to establish guilt under clause 1 or 2 of Article 134.  A

general article, in language not dissimilar to Article 134, has

been part of American military law since 1775.  William

Winthrop, Military Law and Precedents 720 (2d ed. 1920 reprint).

Under well-established case law, the terminal element is an

"essential element of the offense" as to which members must be

instructed.  See United States v. Williams, 8 C.M.A. 325, 327,

24 C.M.R. 135, 137 (1957).

Whether the CCA erred depends on what the CCA intended by

its statement that the conduct was "per se service

discrediting . . . especially under the facts and circumstances

of this case."  69 M.J. at 645.  We are confronted with three

options in reviewing the CCA's opinion:  (1) interpret the

opinion to mean that the CCA impermissibly applied a conclusive

presumption, as Appellant argues; (2) read the opinion to merely

state that no additional evidence need be presented, as the

Government contends; or (3) determine that the opinion is

sufficiently ambiguous that we cannot accept either party's

suggested interpretation.

If, as the defense contends, the CCA used the phrase "per

se" to mean "[a]s a matter of law," Black's Law Dictionary 1257

(9th ed. 2009), and therefore that the service discrediting

nature of the conduct could be conclusively presumed from the

fact that it involved possession of child pornography, then it

erred.  It is established that conviction of a criminal offense

under the Constitution requires proof of every element of the

6

offense beyond a reasonable doubt.  Sullivan v. Louisiana, 508 U.S. 275, 278 (1993); In re Winship, 397 U.S. 358, 361-64 (1970); United States v. Neal, 68 M.J. 289, 298 (C.A.A.F. 2010). The use of conclusive presumptions to establish the elements of an offense is unconstitutional because such presumptions conflict with the presumption of innocence and invade the province of the trier of fact.  Sandstrom v. Montana, 442 U.S. 510, 523 (1979); see County Court of Ulster County v. Allen, 442 U.S. 140, 156-60 (1979); see also Williams, 8 C.M.A. at 327, 24 C.M.R. at 137 (rejecting the government's contention that instructions to the members on the terminal element were not necessary because the charged conduct constituted proof of the terminal element "as a matter of law").

The Government argued that the CCA was not stating a conclusive presumption, but rather used "per se" in the sense of "standing alone, without reference to additional facts," Black's Law Dictionary, supra at 1257, and simply held that no evidence of a direct injury or actual harm to the reputation of the service need be introduced.  The problem with this argument is that the CCA explicitly treated the questions of whether actual damage to the reputation of the service, and actual public knowledge of Appellant's actions and military status, needed to be shown, as separate issues from whether the conduct was per se service discrediting.  69 M.J. at 645.

United States v. Phillips, No. 11-0148/MC

Based on the wording of the CCA's opinion, we are unable to adopt either party's interpretation. With two conflicting definitions of "per se," it is unclear whether the CCA held that possession of such material is conclusively service discrediting. As noted above, such a presumption is constitutionally impermissible under In re Winship and Sandstrom.

The terminal element in a clause 1 or 2 Article 134 case is an element of the offense like any other. Conduct need not be violative of any other criminal statute to violate clause 1 or 2. United States v. Davis, 26 M.J. 445, 448 (C.M.A. 1988). The terminal element must be proved beyond a reasonable doubt like any other element. Whether any given conduct violates clause 1 or 2 is a question for the trier of fact to determine, based upon all the facts and circumstances; it cannot be conclusively presumed from any particular course of action.

IV.

There remains to be addressed the legal sufficiency of Appellant's conviction under clause 2 of Article 134. Before doing so, we will briefly consider Appellant's arguments that clause 2 (1) "was never intended to criminalize the misconduct of active duty servicemembers"; and (2) does not criminalize conduct which is private, unknown to the public, and only became known due to the investigation and prosecution of the case.

8

A.

Appellant asserts that the language now found in clause 2 first entered military law for a single purpose:  to subject noncommissioned officers on the retired list to criminal sanctions.  Since its enactment in 1916, as a clause of Article of War 96,[2] it is clear that the provision has never been so restricted by its text or in practice.  It has been applied to active-duty personnel from very early times.  See C.M. 139139 (1920) (soldier deserting and abandoning wife without cause or excuse), cited in Digest of Opinions of the Judge Advocate General of the Army, 1912–1940 348 (1942); see also United States v. Parkman, 4 C.M.R. (A.F.) 270, 278, 281 (A.F.J.C. 1951); United States v. McDonald, 10 B.R. 61, 63 (A.B.R. 1939); United States v. Klima, 4 B.R. 45, 46 (A.B.R. 1932).  With no statutory text to the contrary, we decline to overrule almost a century of precedent.

B.

We also reject Appellant's argument that for an accused to be convicted of a clause 2 offense, military law requires that the public know of the accused's conduct.  In deciphering the meaning of a statute, we normally apply the common and ordinary

---

[2] Act of Aug. 29, 1916, ch. 418, Pub. L. No. 64-242, 39 Stat. 619, 666.

9

understanding of the words in the statute.  See United States v. Alston, 69 M.J. 214, 216 (C.A.A.F. 2010).

The focus of clause 2 is on the "nature" of the conduct, whether the accused's conduct would tend to bring discredit on the armed forces if known by the public, not whether it was in fact so known.  The statute, which requires proof of the "nature" of the conduct, does not require the government to introduce testimony regarding views of "the public" or any segment thereof.  The responsibility for evaluation of the nature of the conduct rests with the trier of fact.  As discussed below, the degree to which others became aware of the accused's conduct may bear upon whether the conduct is service discrediting, but the statute does not establish a requirement that the accused's conduct must in every case be in some respect public knowledge.

C.

In determining legal sufficiency, we apply the well-known standard set out in Jackson v. Virginia, 443 U.S. 307, 319 (1979), viz., whether, viewed in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Lofton, 69 M.J. 386, 388 (C.A.A.F. 2011).  The trier of fact must determine beyond a reasonable doubt that the conduct alleged actually occurred and must also evaluate the

nature of the conduct and determine beyond a reasonable doubt that Appellant's conduct would tend to bring the service into disrepute if it were known. See United States v. Saunders, 59 M.J. 1, 11 (C.A.A.F. 2003).

In general, the government is not required to present evidence that anyone witnessed or became aware of the conduct. Nor is the government required to specifically articulate how the conduct is service discrediting. Rather, the government's obligation is to introduce sufficient evidence of the accused's allegedly service discrediting conduct to support a conviction. In a panel case, the military judge must instruct the members how to evaluate that evidence. See Article 51(c), UCMJ, 10 U.S.C. § 851(c) (2006); Neder v. United States, 527 U.S. 1, 9 (1999). When the military judge sits as the trier of fact, we presume that the military judge knows the law and applies it correctly. United States v. Robbins, 52 M.J. 455, 457 (C.A.A.F. 2000).

Whether conduct is of a "nature" to bring discredit upon the armed forces is a question that depends on the facts and circumstances of the conduct, which includes facts regarding the setting as well as the extent to which Appellant's conduct is known to others. The trier of fact must consider all the circumstances, but such facts -- including the fact that the conduct may have been wholly private -- do not mandate a

particular result unless no rational trier of fact could conclude that the conduct was of a "nature" to bring discredit upon the armed forces. For example, the extent to which conduct is constitutionally protected may impact whether the facts of record are sufficient to support a conviction.

In this case, forensic analysis of Appellant's computer showed that searches had been performed seeking filenames associated with child pornography. Of the images the computer retrieved using LimeWire that were examined in detail by the forensic examiner, five images and two movies matched known child victims engaged in sexually explicit conduct. Appellant admitted downloading pornography that included child pornography and viewing the images on several occasions.

The Government did not introduce any direct evidence that the public was or would have become aware of Appellant's conduct, or that anyone at all was aware of it before Appellant mentioned it to SA Bonilla. Nor was the Government required to do so in this case. Regardless of public knowledge, the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Appellant's activity would have tended to bring discredit upon the service had the public known of it. See United States v. Harper, 22 M.J. 157, 161 (C.A.A.F. 1979) (stating that "sufficient evidence generally means some legal and competent evidence from which a court-martial may find

or infer beyond a reasonable doubt those facts required by law for conviction") (citation omitted).  The evidence is legally sufficient to sustain Appellant's conviction for possession of child pornography under clause 2 of Article 134.

V.

Although we hold the evidence is legally sufficient to support his conviction for possession of child pornography, we are concerned, as noted above, that the CCA may have conclusively presumed that Appellant's conduct was of a nature to bring discredit upon the armed forces because Appellant possessed child pornography.  In light of our holding that the elements of an offense cannot be established by a conclusive presumption, and because this Court does not review for factual sufficiency, we must remand for the CCA to perform a factual sufficiency review under the correct standard.  See Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2006).

VI.

The judgment of the United States Navy-Marine Corps Court of Criminal Appeals is set aside, and the record is returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals for a full review consistent with this opinion.  Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2006).

United States v. Phillips, No. 11-0148/MC

RYAN, Judge, with whom ERDMANN, Judge, joins (dissenting):

I agree with the majority that the test for whether evidence is legally sufficient to sustain a conviction is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); United States v. Phillips, __ M.J. __, __ (10) (C.A.A.F. 2011). I also agree that a conclusive presumption that the element of service discredit is met by the possession of child pornography itself would violate the Constitution. See Sandstrom v. Montana, 442 U.S. 510, 523 (1979); Phillips, __ M.J. at __ (7). I nonetheless write separately for two reasons.

First, it is entirely unclear to me what the actual distinction is between holding that the offense here cannot be per se or conclusively service discrediting and holding, at the same time, that "the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Appellant's activity would have tended to bring discredit to the service had the public known of it." Phillips, __ M.J. at __, __ (8, 12). There is nothing in the record -- other than the fact of the activity itself --

upon which the military judge could have based this finding.

Appellant was convicted under clause 2 of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006), which criminalizes "all conduct of a nature to bring discredit upon the armed forces." The Due Process Clause requires that the terminal elements of Article 134, UCMJ, be independently proven beyond a reasonable doubt. United States v. Miller, 67 M.J. 385, 389 (C.A.A.F. 2009). Relatedly, "an appellate court may not affirm on a theory not presented to the trier of fact and adjudicated beyond a reasonable doubt." United States v. Medina, 66 M.J. 21, 27 (C.A.A.F. 2008). Therefore, to affirm Appellant's conviction under this Court's precedents, one would expect the record to establish that the Government presented a theory at trial explaining why Appellant's conduct was service discrediting. But the Government presented no such theory, either through evidence or through argument. In fact, the record of trial contains no discussion whatsoever of whether and how Appellant's conduct was service discrediting.[1]

---

[1] While not dispositive, it is instructive that had Appellant pled guilty, this Court would find the plea improvident due to the complete absence of any discussion of the service-discrediting element on the record. See

2

Second, and relatedly, there is thus no reason to assume that the military judge independently determined that the service-discrediting element was proven beyond a reasonable doubt.  Moreover, while not acknowledged by the majority, our case law on whether and how to deal with pleading and proof of the terminal element of an Article 134, UCMJ, offense has been, until recently, far from clear.  Compare United States v. Fuller, 54 M.J. 107, 112 (C.A.A.F. 2000) ("[E]very enumerated offense under the UCMJ is per se prejudicial to good order and discipline or service discrediting."), and United States v. Foster, 40 M.J. 140, 143 (C.M.A. 1994) ("The enumerated articles are rooted in the principle that such conduct per se is either prejudicial to good order and discipline or brings discredit to the armed forces; these elements are implicit in the enumerated articles."), with Miller, 67 M.J. at 389 (overruling Foster and its progeny "[t]o the extent those cases support the proposition that clauses 1 and 2 of Article 134, UCMJ, are per se included in every enumerated offense"), and Medina, 66 M.J. at 26 (holding that the terminal elements under clauses 1 and 2 are not implied

United States v. Jordan, 57 M.J. 236, 237-39 (C.A.A.F. 2002) (finding the appellant's guilty plea to an Article 134, UCMJ, offense improvident when there was no factual basis for the terminal elements developed on the record).

3

elements of a prosecution under clause 3).  This record provides no basis upon which to conclude that the military judge did anything other than assume that the conduct was per se or conclusively service discrediting based on the law at the time of trial.  Appellant's court-martial predated our decision in Miller.[2]  We presume the military judge followed the law at the time of the court-martial. See United States v. Raya, 45 M.J. 251, 253 (C.A.A.F. 1996).  Under some of this law at the time, the conduct might be viewed as per se service discrediting.  See, e.g., Foster, 40 M.J. at 143.  There is simply no way to know that the military judge knew he must make, let alone made, an independent factual determination on the element of service discredit in this case, an issue compounded by the complete dearth of reference to the element in the record of trial.

Because the Government failed to present either evidence or argument on the element of service discredit and the military judge may have applied pre-Miller law that

---

[2] Miller was decided on June 10, 2009, and Appellant's court-martial concluded four months earlier, on February 5, 2009.  Therefore, the military judge presumably applied the pre-Miller law in effect at Appellant's court-martial, whereas Miller governs this case on appeal.  See United States v. Mullins, 69 M.J. 113, 116 (C.A.A.F. 2010) ("[O]n direct review, we apply the clear law at the time of appeal, not the time of trial.").

some conduct is _per_ _se_ service discrediting, I would set aside the sentence and the finding of guilty on the child pornography charge and authorize a rehearing.