# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 MATTHEW R. DAVIS**
**United States Army, Appellant**

ARMY 20100375

Headquarters, 82d Airborne Division
Gary J. Brockington, Military Judge
Major Jessica A. Golembiewski, Acting Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Lieutenant Colonel Katherine A. Lehmann, JA (on brief).

For Appellee:  Major Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain Daniel D. Maurer, JA (on brief).

23 May 2012

---------------------------------
SUMMARY DISPOSITION
---------------------------------

BURTON, Judge:

An enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of adultery in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ]. [*] *See Manual for Courts-Martial*, *United States*, (2008 ed.) [hereinafter *MCM*], Part IV, ¶ 62.b. The convening authority approved the adjudged sentence to a bad-conduct discharge, restriction for thirty days, hard labor without confinement for thirty days, and forfeiture of $1447.20 pay per month for one month.

This case is before the court for review under Article 66, UCMJ.  The appellant contends that the evidence is legally and factually insufficient to support

---

[*] Appellant was found not guilty of one specification of aggravated sexual assault and one specification of wrongful sexual contact both in violation of Article 120, UCMJ, 10 U.S.C. § 920 (2006 & Supp. III 2009).

the panel's findings of guilty as to Charge II and its specification because the evidence fails to prove beyond a reasonable doubt that the alleged adultery was prejudicial to good order and discipline or service discrediting. We concur and will take corrective action in our decretal paragraph.

## BACKGROUND

On 4 July 2009, appellant and Private (PV2) JR had both consumed alcohol and engaged in sexual intercourse in PV2 JR's barracks room. No one else was present when this occurred. Appellant and PV2 JR had known each other for about two weeks and PV2 JR was dating someone else. At the time of the sexual tryst, appellant had been separated from his wife for some period of time and was attempting to obtain a divorce, but was having trouble locating his wife. This one time sexual encounter was the same event that led to the charges of aggravated sexual assault and wrongful sexual contact of which appellant was found not guilty.

## LAW AND DISCUSSION

To establish guilt for adultery under Article 134, UCMJ, the government must prove each of the following elements beyond a reasonable doubt:

(1) That the accused wrongfully had sexual intercourse with a certain person;

(2) That, at the time, the accused or the other person was married to someone else; and

(3) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

*MCM*, Part IV, ¶ 62.b.

Article 66, UCMJ, provides that a Court of Criminal Appeals "may affirm only such findings of guilty . . . as it finds correct in law and fact." In performing our duty, we must conduct a de novo review of both the legal and factual sufficiency of appellant's convictions. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Phillips*, 70 M.J. 161, 166 (C.A.A.F. 2011). The test for factual sufficiency, on the other hand, "involves a fresh, impartial look at the evidence, giving no deference to the decision of the trial court on factual sufficiency beyond the admonition in Article 66(c), UCMJ, to take into

DAVIS – ARMY 20100375

account the fact that the trial court saw and heard the witnesses." *Washington*, 57 M.J. at 399. We direct our attention to the third element.

> To constitute an offense under the UCMJ, the adulterous conduct must either be directly prejudicial to good order and discipline or service discrediting. Adulterous conduct that is directly prejudicial includes conduct that has an obvious, and measurably divisive effect on unit or organization discipline, morale, or cohesion, or is clearly detrimental to the authority or stature of or respect toward a servicemember.

*MCM*, Part IV, ¶ 62.c.(2). Service discrediting include adulterous "conduct that has a tendency, because of its open or notorious nature, to bring the service into disrepute, make it subject to public ridicule, or lower it in public esteem." *MCM*, Part IV, ¶ 62.c.(2). Under the facts of this case, we do not find that appellant's conduct was prejudicial to good order and discipline or service discrediting.

**CONCLUSION**

The findings of guilty and the sentence are set aside. The charges are dismissed. All rights, privileges, and property of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision are ordered restored.

Senior Judge JOHNSON and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3