# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class LEANGELO GIBSON**
**United States Army, Appellant**

ARMY 20130625

Headquarters, III Corps and Fort Hood
Jeffrey W. Hart, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant:  Colonel Kevin M. Boyle, JA; Major M. Patrick Gordon, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel Gregory A. Marchand, JA; Major A.G. Courie III, JA; Major Steven J. Collins, JA (on brief).

4 August 2015

----------------------------------
SUMMARY DISPOSITION
----------------------------------

CAMPANELLA, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of absence without leave, one specification of failure to go to his appointed place of duty, two specifications of disobeying the order of a superior commissioned officer, one specification of assault consummated by a battery, one specification of indecent language, and one specification of interference with an emergency telephone call in violation of Tex. Penal Code § 42.062(a) (2003), in violation of Articles 86, 90, 128, and 134 Uniform Code of Military Justice, 10 U.S.C. §§ 886, 890, 928, and 934 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for eleven months, to forfeit $1000 pay per month for eleven months, and reduction to the grade of E-1.  The convening authority reduced the sentence to confinement by six months, approving five months of confinement, but otherwise approved the adjudged sentence.  Appellant was credited with forty days of confinement credit against the sentence.

Appellant's case is before this court for review under Article 66, UCMJ. Appellate counsel assigned two errors to this court. We find these assignments of error are without merit, but address two additional issues that warrant discussion and relief.

*Specification 1 of Charge III: Assimilated Statute*

Appellant was originally charged with and pleaded guilty to Specification 1 of Charge III, in violation of Article 134, UCMJ, as follows:

> [Appellant], U.S. Army, did, on or about 30 January 2013, at or near Fort Hood, Texas, a place within the special maritime and territorial jurisdiction of the United States, knowingly interfer [sic] with [KF]'s ability to place an emergency telephone call by taking a telephone from [KF]s hand and breaking the telephone in violation of Section 42.062(a) of the Texas Penal Code assimilated into Federal Law by 18 U.S.C. Section 13, and under the circumstances the conduct was to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces.

During the providence inquiry, the military judge described the two clauses of the terminal element of Article 134, UCMJ, offenses in the conjunctive, as they were charged. The following colloquy occurred between the military judge and appellant regarding Specification 1 of Charge III:

> MJ: Do you think it's consistent with good order and discipline to keep on-post housing area safe?
>
> ACC: Yes, Your Honor.
>
> MJ: Did you harm good order and discipline by taking a telephone out of [KF]'s hand and breaking it while she was attempting to make an emergency telephone call?
>
> ACC: Yes, Your Honor, because it is my duty to protect civilians.
>
> MJ: Would the reputation of the Army be harmed or lowered in public esteem if it learned that you took a telephone out of [KF]'s hand and broke it while she was attempting to make an emergency telephone call?
>
> ACC: Yes, Your Honor.

2

*Specification 2 of Charge III: Indecent Language*

Appellant was further charged with and pleaded guilty to Specification 2 of Charge III, in violation of Article 134, UCMJ, as follows:

> [Appellant], U.S. Army, did, on or about 30 January 2013, at or near Fort Hood, Texas, orally communicate to [KF], certain indecent language, to wit: "lick my piss you fat bitch," or words to that effect, and under the circumstances the conduct was to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces.

During the providence inquiry for Specification 2 of Charge III, the military judge asked appellant if his conduct, "[W]ould have a negative impact on [his] unit's morale or efficiency . . . ?" Appellant responded, "Yes, Your Honor." The military judge then asked why and appellant stated, "Because Soldiers aren't supposed to treat their spouses that bad, Your Honor." Additionally, the military judge asked, "What kind of impact would the Army's reputation experience if the public discovered [this conduct]?" Appellant responded, "It would be a negative impact, Your Honor." The providence inquiry was concluded with no additional inquiry into either clause of the terminal elements.

## LAW AND DISCUSSION

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact to question the plea. *Inabinette*, 66 M.J. at 322.

*Specification 1 of Charge III: Assimilated Statute*

This specification was charged pursuant to Clause 3 of Article 134, UCMJ. As such, in this case, the terminal element language is nothing more than surplusage in the specification. *See Manual for Courts-Martial, United States* (2012 ed.), pt. IV, ¶60c.(6)(b). Additionally, if it were necessary, we would find it questionable as to whether or not the military judge elicited an adequate factual basis during the colloquy with appellant to support his plea to the terminal elements. With that said, we will dismiss the unnecessary language "and under the circumstances the conduct was to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces" from the Specification.

*Specification 2 of Charge III: Indecent Language*

In this case, the providence inquiry does not adequately establish how appellant's conduct caused a "direct and palpable effect on good order and discipline." *United States v. Erickson*, 61 M.J. 230, 232 (C.A.A.F. 2005). Additionally, the stipulation of fact merely repeats the elements of the offenses and does not provide an additional factual basis upon which to satisfy this requirement. *See United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). There is however, a factual basis to support that appellant's conduct is service discrediting. *See United States v. Phillips*, 70 M.J. 161, 166 (C.A.A.F. 2011). Consequently, on the record before us, we will dismiss the language "the conduct was to the prejudice of good order and discipline in the armed forces and" from the Specification.

## CONCLUSION

The court affirms only so much of the finding of guilty of Specification 1 of Charge III as finds that:

> [Appellant], U.S. Army, did, on or about 30 January 2013, at or near Fort Hood, Texas, a place within the special maritime and territorial jurisdiction of the United States, knowingly interfer [sic] with [KF]'s ability to place an emergency telephone call by taking a telephone from [KF]s hand and breaking the telephone in violation of Section 42.062(a) of the Texas Penal Code assimilated into Federal Law by 18 U.S.C. Section 13, in violation of Article 134 UCMJ.

The court affirms only so much of the finding of guilty of Specification 2 of Charge III as finds that:

> [Appellant], U.S. Army, did, on or about 30 January 2013, at or near Fort Hood, Texas, orally communicate to [KF], certain indecent language, to wit: "lick my piss you fat bitch," or words to that effect, and under the circumstances the conduct was of a nature to bring discredit upon the armed forces, in violation of Article 134 UCMJ.

The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principals of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), the court AFFIRMS the sentence.

GIBSON— ARMY 20130625

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5