# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class GEORGE D.L. STARR**
**United States Army, Appellant**

ARMY 20110908

Headquarters, 21st Theater Sustainment Command
Wendy Daknis, Military Judge
Colonel Claes H. Lewenhaupt, Staff Judge Advocate

For Appellant:  Major Richard E. Gorini, JA; Captain James P. Curtin, JA (on brief).

For Appellee:  Major Robert A. Rodrigues, JA (on brief).

15 January 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant pursuant to his pleas of wrongfully receiving child pornography (one specification) and wrongfully possessing child pornography (one specification), in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for eighteen months, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority only approved so much of the sentence as extends to a bad-conduct discharge, confinement for fifteen months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant raises several issues, none of which merit discussion or relief.  However, in performing our review,[*] we conclude that there is a substantial basis in fact to

_____

[*] While conducting our review of the images pursuant to the requirements of Article 66, UCMJ, we note that one of the videos for Specification 2 of The Charge, "Valya-14_(24m25s).avi," was not viewable.  However, given the detailed description in the

(continued . . .)

question appellant's plea to committing conduct prejudicial to good order and discipline, and will take action in our decretal paragraph.

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact for questioning the guilty plea. *Id.* at 322.

The government charged appellant with knowingly receiving and possessing child pornography, "which conduct was prejudicial to good order and discipline *and* likely to bring discredit upon the armed forces." (emphasis added). Given the facts of this case, there is no question as to the service discrediting aspect of appellant's conduct. *See United States v. Phillips*, 70 M.J. 161, 165 (C.A.A.F. 2011) (holding that the focus of a Clause 2, Article 134, UCMJ, offense is on the "nature" of the conduct: whether the accused's conduct would tend to bring discredit on the armed forces if known by the public, and not whether it was in fact so known). In order to find appellant's conduct was prejudicial to good order and discipline, however, the plea inquiry must establish facts demonstrating that appellant's conduct caused "direct and palpable prejudice" to good order and discipline. *See Manual for Courts–Martial, United States* (2008 ed.), pt. IV, ¶ 60.c.(2)(a); *see generally United States v. Erickson*, 61 M.J. 230, 231 (C.A.A.F. 2005).

In this case, the military judge did not elicit an adequate factual basis during her colloquy with appellant to support his plea to committing conduct prejudicial to good order and discipline. Consequently, on the record before us, we find a substantial basis in fact to question appellant's pleas to violating Clause 1 of Article 134, UCMJ.

## CONCLUSION

The court affirms only so much of the finding of guilty of Specification 1 of The Charge as finds that appellant "did on divers occasions, at or near Mannheim, Germany, between on or about 14 June 2010 and on or about 28 August 2010,

---

(. . . continued)

stipulation of fact, as well as a very detailed allocution made by appellant during the providence inquiry, we are confident that the video meets the definition of child pornography as provided in 18 U.S.C. § 2256(8).

knowingly and wrongfully receive more than five images and three videos of child pornography as defined in 18 U.S.C. § 2256(8), which conduct was likely to bring discredit upon the armed forces."

The court affirms only so much of the finding of guilty of Specification 2 of The Charge as finds that appellant "did on divers occasions, at or near Mannheim, Germany, between on or about 14 June 2010 and on or about 28 August 2010, knowingly and wrongfully possess more than five images and three videos of child pornography as defined in 18 U.S.C. § 2256(8), which conduct was likely to bring discredit upon the armed forces."

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3