# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**M.D. MODZELEWSKI, F.D. MITCHELL, M.K. JAMISON**
Appellate Military Judges

**UNITED STATES OF AMERICA**

**v.**

**TROY B. NORMAN**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201300152**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged**: 10 December 2012.
**Military Judge**: LtCol Chris J. Thielemann, USMC.
**Convening Authority**: Commanding Officer, Marine Corps Air Station, Yuma, AZ.
**Staff Judge Advocate's Recommendation**: Maj Robert M. Bueno, USMC.
**For Appellant**: LT David C. Dziengowski, JAGC, USN.
**For Appellee**: Maj Crista D. Kraics, USMC.

**20 February 2014**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A panel of members with enlisted representation sitting as a general court-martial convicted the appellant, contrary to his pleas, of endangering a child in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The members sentenced the appellant to 60 days of confinement, reduction to pay grade E-1, and a dishonorable discharge. The convening authority approved the sentence as adjudged.

The appellant now assigns four errors (AOEs): that the evidence is factually and legally insufficient; that lay opinion on the terminal element was admitted in error; that the sentence to a dishonorable discharge is inappropriately severe; and that prosecutorial misconduct compelled the appellant's wife to invoke her Fifth Amendment rights, thereby depriving the appellant of an ability to present a defense. After considering the pleadings and the record of trial, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

This case arose while the appellant lived on board Marine Corps Air Station Yuma with his wife and infant son. Medical personnel responded to a 911 call placed from the home and discovered the infant, then 10 months old, had been severely burned. Initially, the appellant stated that he had been cradling his son near the tub when the baby was splashed with hot water. Subsequently, the appellant gave a statement to law enforcement in which he explained that he placed his son in the bathtub facing away from the faucet, with the water running and the faucet turned to the "9 o'clock" position. The appellant stated he left the baby in the tub for approximately 30-45 seconds, returned to find the boy on his back, and discovered he was severely burned upon pulling him out of the tub. The baby was hospitalized for 50 days, and underwent seven skin grafting surgeries.

At trial, evidence was received as to the temperature of the water at the 9 o'clock, 10 o'clock, and 12 o'clock positions: sequentially - 115, 122, and 130 degrees. Expert testimony established that the baby suffered second to third degree burns to thirty-five percent of his body, including his back, buttocks, scalp and neck, caused by immersion in scalding water. Experts disputed that the burns could have been caused by exposure to 115 degree water for the short period of time as described by the appellant. Additional facts necessary for the resolution of particular AOEs are included below.

## Factual and Legal Sufficiency

The appellant was convicted of endangering his son "by leaving him unattended in a bathtub where hot water was running from the faucet, and that such conduct constituted culpable negligence which resulted in grievous bodily harm, to

wit: 2nd degree burns on approximately 35% of his body, which conduct was of a nature to bring discredit upon the armed forces."

The appellant alleges that the evidence of service discrediting conduct was factually and legally insufficient. He also alleges that the military judge abused his discretion in allowing a Marine staff noncommissioned officer (SNCO) to give his lay opinion on that same element.

The test for legal sufficiency is whether any rational trier of fact could have found that the evidence met the essential elements of the charged offense, viewing the evidence in a light most favorable to the Government. *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987). The test for factual sufficiency is whether we are convinced of the appellant's guilt beyond a reasonable doubt, allowing for the fact that we did not personally observe the witnesses. *Id*. at 325. We find in the affirmative as to both.

The appellant contends that the Government was required to call "a reasonable member of the public" to testify that his conduct was service-discrediting or, alternatively, that the trial counsel "should have introduced some evidence that members of the public . . . were actually aware of the accident and found it discrediting." Appellant's Brief of 30 Sep 2013 at 14. However, the Government is not required to introduce testimony that anyone became aware of the conduct, nor is the Government required to introduce evidence regarding views of the public. Instead, the responsibility for determining whether an accused's conduct would tend to bring discredit on the armed forces rests with the trier of fact. *United States v. Phillips*, 70 M.J. 161, 166 (C.A.A.F. 2011).

After carefully reviewing the record of trial and considering the evidence in the light most favorable to the prosecution, we are persuaded that a reasonable fact-finder, in this case the members, could indeed have found all the essential elements of child endangerment beyond a reasonable doubt. Furthermore, after weighing all the evidence in the record of trial and having made allowances for not having personally observed the witnesses, we are convinced beyond a reasonable doubt of the appellant's guilt as to this charge.

In a related AOE, the appellant asserts that the military judge erred by allowing a Marine SNCO to testify that the appellant's conduct was service discrediting. The SNCO's

3

testimony, given over defense objection, was that "anybody who would do that would bring discredit upon themselves, but especially a Marine, because of the high opinion that we are . . . held to by the public." Record at 712. Assuming error in admitting this lay opinion, we test for prejudice by weighing: (1) the strength of the Government's case; (2) the strength of the defense case; (3) the materiality of the evidence in question and, (4) the quality of the evidence in question. *United States v. Byrd,* 60 M.J. 4, 10 (C.A.A.F. 2004).

Here, the Government meets its burden of establishing the harmlessness. The Government's case on this specification was strong: the members had before them ample evidence of the extent of the injury to the baby, including his pain and suffering, the hospitalization, and the required surgeries. The members also had before them evidence that the appellant's accounts were implausible and inconsistent with the medical evidence. The testimony now in issue was of limited materiality and in no way a focal point of the case. The members did not need the SNCO's generic testimony to establish the terminal element; in fact, they required no testimony at all regarding this element. We conclude that any error in allowing the SNCO's testimony was harmless.

**Sentence Severity**

The appellant contends that his sentence to a dishonorable discharge is inappropriately severe. We disagree. This court reviews the appropriateness of the sentence *de novo*. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). We engage in a review that gives "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamuluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)). We have examined the record of trial and the parties' briefs. Applying the law to the facts of this case, in which an infant was grievously injured due to the appellant's culpable negligence, we find the sentence appropriate.

The final AOE alleging prosecutorial misconduct lacks any factual foundation in the record of trial.[1]

---

[1] Raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

4

## Conclusion

We conclude that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant exists.  Arts. 59(a) and 66(c), UCMJ.  The findings and the sentence are affirmed.


For the Court



R.H. TROIDL
Clerk of Court