# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 TRAVIS W. BARNES**
**United States Army, Appellant**

ARMY 20130529

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Paul R. Almanza, Military Judge
Lieutenant Colonel Mark Seitsinger, Staff Judge Advocate

For Appellant:  Major Vincent T. Schuler, JA; Captain Brian J. Sullivan (on brief).

For Appellee:  Lieutenant Colonel James L. Varley, JA (on brief)

21 March 2014

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CAMPANELLA, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of disobeying a lawful order, three specifications possessing methamphetamine, five specifications of using methamphetamine, one specification of larceny, and one specification of carrying a concealed weapon, in violation of Articles 90, 112a, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 912a, 921, and 934 (2006) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge and confinement for twenty-one months.[*]

This case is before us for review pursuant to Article 66, UCMJ.  Appellant submitted a merits pleading to this court and personally raised matters pursuant to *Unites States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  We find the issues raised by appellant without merit.  We find one additional issue, however, warrants discussion and relief.

---

[*] Appellant was credited with 95 days against his sentence to confinement.

**BACKGROUND**

On 7 May 2012, appellant was involved in a minor traffic stop while riding in a vehicle in Cleveland County, Oklahoma. Pursuant to a lawful search of the vehicle, police found a handgun and 26 grams of methamphetamine under the passenger front seat where the accused was sitting. Appellant admitted to not possessing a permit to carry a concealed weapon and to placing the weapon under the seat to conceal it.

As a result, appellant was charged, *inter alia*, with unlawfully carrying a concealed weapon, a violation of Article 134. The Specification of Additional Charge I alleged:

> In that [appellant], U.S. Army, did, at or near Cleveland Country, Oklahoma, on or about 7 May 2012, unlawfully carry on or about his person a concealed weapon, to wit: a 9MM handgun without proper licensing, and that said conduct was to the prejudice of good order and discipline in the armed forces, and was of a nature to bring discredit upon the armed forces.

Appellant pleaded guilty to this offense consistent with the pretrial agreement and the military judge found him guilty.

During the providence inquiry, the military judge listed the Article 134 elements of the Specification of Additional Charge I, including the terminal element of "to the prejudice of good order and discipline in the armed forces" and was "of a nature to bring discredit upon the armed forces." The military judge then asked the appellant to explain how his behavior met this element. The exchange was conducted as follows:

> MJ: … do you believe and admit that your conduct was prejudicial to good order and discipline in the armed service or was of a nature to bring discredit upon the armed forces?
>
> ACC: Yes, your honor.
>
> MJ: …one or both?
>
> ACC: It would bring discredit to the military.
>
> MJ: Why…?
>
> ACC: Because I had no reason to be carrying the weapon.

MJ: And how would members of the public react if they knew that soldiers carried concealed weapons?

ACC: Unfavorably.

MJ: And why is that?

ACC: Because you don't need a weapon in the United - -you don't to carry a weapon unless you're a police officer.

MJ: Now, do you believe carrying a concealed weapon is also prejudicial to good order and discipline?

ACC: Yes.

MJ: Why is that?

ACC: Because it doesn't show discipline that we have as Soldiers.

MJ: Explain a little bit more why.

ACC: As a Soldier you're taught you don't need to carry a gun in the United States. You don't need to protect yourself with a firearm here.

MJ: Now, what might be a harmful consequence of somebody carrying a concealed weapon in the manner you did?

ACC: They could get shot.

MJ: Okay.

ACC: Or death.

MJ: How could that happen?

ACC: Because if someone else thinks that you're reaching for a gun they could take that as hostile and then shoot you if they were carrying a weapon.

. . .

MJ: And do you admit that under the circumstances your conduct was prejudicial to good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces?

ACC:  Yes, your honor.

## LAW AND DISCUSSION

*Terminal Element*

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact for questioning the guilty plea. *Id*. at 322.

In order to find appellant's conduct was prejudicial to good order and discipline, however, the plea inquiry must establish facts demonstrating that appellant's conduct caused "direct and palpable" prejudice to good order and discipline. *See Manual for Courts-Martial, United States* (2008 ed.), pt. IV, ¶ 60.c.(2)(a).  *See generally United States v. Erickson*, 61 M.J. 230, 231-32 (C.A.A.F. 2005).  To be service discrediting, appellant's conduct must "tend to bring the service into disrepute if it were known." *United States v. Phillips*, 70 M.J. 161, 166 (C.A.A.F. 2011).

In this case, the military judge did not elicit an adequate factual basis during the colloquy with appellant to support his plea that his conduct was either prejudicial to good order and discipline or service discrediting.  Nor does the stipulation of fact satisfy the providency requirement for either clause of the terminal element.  *See United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (C.M.A.1969).  Consequently, on the record before us, we find a substantial basis in fact to question appellant's plea to this offense.

## CONCLUSION

On our consideration of the entire record and the assigned error, the findings of the Additional Charge I and its Specification are set aside and dismissed.

We AFFIRM the remaining findings of guilty.

We are able to reassess the sentence on the basis of the error noted, and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

4

BARNES—ARMY 20130529

In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape or appellant's punitive exposure which might cause us pause in reassessing appellant's sentence. Second, appellant pleaded guilty in a judge-alone court-martial. Third, we find the nature of the remaining offense still captures the gravamen of the original offenses, and the circumstances surrounding appellant's conduct remain admissible and relevant to the remaining offenses. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

Reassessing the sentence based on the noted error, the remaining findings of guilty, and the entire record, including the matters presented by appellant pursuant to *Grostefon,* we AFFIRM only so much of the sentence as extends to confinement for twenty months and a bad conduct discharge. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court

5