# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 CHASE A. FROSETH**
**United States Army, Appellant**

ARMY 20120851

Headquarters, I Corps
Stefan R. Wolfe, Military Judge (arraignment)
E. Bradford Bales, Military Judge (trial)
Lieutenant Colonel John T. Rothwell, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr. JA; Major Vincent T. Shuler, JA; Captain Patrick A. Crocker, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain Sean Fitzgibbon, JA; Captain Jaclyn E. Shea, JA (on brief).

8 April 2014

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of larceny of military property and removal of property to prevent seizure in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 934 [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and confinement for four months. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge and confinement for 90 days.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error. We find this issue without merit, but address an additional issue which warrants discussion and relief.

**BACKGROUND**

Appellant was originally charged with and pleaded guilty to a violation of Article 134, UCMJ, as follows:

> [Appellant], U.S. Army, did at or near Joint Base Lewis-McChord, Washington, between on or about 10 February 2012 and on or about 25 April 2012, with intent to prevent its seizure, remove a night vision device, property which, as [appellant] then knew, persons authorized to make searches and seizures were endeavoring to seize, which conduct was to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces.

During the providence inquiry, the military judge described the two clauses of the terminal element of this Article 134, UCMJ, offense in the conjunctive, as it was charged. The military judge asked appellant if his conduct satisfied both of these clauses. Appellant said "yes, your honor." The military judge asked "[d]o you also admit that this, in fact, did affect your unit, since they had to go into lock-down and a search?" Appellant responded "yes, I do your honor." The providence inquiry was concluded with no additional inquiry into either clause of the terminal element.

**DISCUSSION**

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact for questioning the guilty plea. *Inabinette*, 66 M.J. at 322.

To be service discrediting, appellant's conduct must "tend to bring the service into disrepute if it were known." *United States v. Phillips*, 70 M.J. 161, 166 (C.A.A.F. 2011). In this case, the military judge did not elicit an adequate factual basis during the colloquy with appellant to support his plea that his conduct was service discrediting. Additionally, the stipulation of fact does not provide an additional factual basis upon which to satisfy the providency requirement for this clause of the terminal element. *See United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (C.M.A.).

The stipulation of fact and the providence inquiry do, however, adequately establish appellant's conduct caused a "direct and palpable effect on good order and discipline." *See United States v. Erickson*, 61 M.J. 230, 233 (C.A.A.F. 2005).

2

Consequently, on the record before us, we will dismiss the language "and was of a nature to bring discredit upon the armed forces" from the Specification of Charge II.

## CONCLUSION

On consideration of the entire record and the noted error, we AFFIRM the finding of guilty to Charge I and its Specification. We further affirm only so much of the finding of guilty of Charge II and its Specification as finds that:

> [Appellant], U.S. Army, did at or near Joint Base Lewis-McChord, Washington, between on or about 10 February 2012 and on or about 25 April 2012, with intent to prevent its seizure, remove a night vision device, property which, as [appellant] then knew, persons authorized to make searches and seizures were endeavoring to seize, which conduct was to the prejudice of good order and discipline in the armed forces.

We are able to reassess the sentence on the basis of the error noted, and do so after conducting a thorough analysis of the totality of the circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

Reassessing the sentence based on the noted error, we AFFIRM the approved sentence. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court