# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist ALFREDO I. AGIRRE III**
**United States Army, Appellant**

ARMY 20140977

Headquarters, III Corps and Fort Hood
Rebecca K. Connally, Military Judge
Colonel Ian G. Corey, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Payum Doroodian, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major Daniel D. Derner, JA; Captain Samuel E. Landes, JA (on brief).

30 November 2015

----------------------------------
SUMMARY DISPOSITION
----------------------------------

CELTNIEKS, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of assault with a dangerous weapon and one specification of communicating a threat in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for twenty days, and reduction to the grade of E-2.  The convening authority approved the adjudged sentence.

Appellant's case is before this court for review under Article 66, UCMJ. Appellate counsel raises one assigned error, and appellant personally raises one matter pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  The assigned error warrants discussion and relief; the matter raised pursuant to *Grostefon* is without merit.

## BACKGROUND

Appellant was charged with and pleaded guilty to the Specification of Charge II, in violation of Article 134, UCMJ, as follows:

> [Appellant], U.S. Army, did, at or near Fort Hood, Texas, on or about 30 May 2014, wrongfully communicate to Dr. [S.E.] a threat that there would be consequences and he was going to get him, or words to that effect, and that said conduct was to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces.

During the providence inquiry, the military judge described the two clauses of the terminal element of Article 134, UCMJ, in the disjunctive, despite the fact the clauses were charged in the conjunctive. The following colloquy occurred between the military judge and appellant:

> MJ: Now, was your communication of this threat either to the prejudice of good order and discipline in the armed forces or of a nature to bring discredit upon the armed forces. [sic]. It could be one or the other or both and if so how?
>
> ACC: Well, Your Honor, there are many people who put this uniform on and have done a lot of good in this world and they bring honor to this uniform and for me wearing the uniform to do such actions it doesn't convey all that honor and discipline that we have worked for.
>
> MJ: Dr. [S.E.], do you know if he is military or civilian?
>
> ACC: He is a civilian, Your Honor.
>
> MJ: Do you think that--and he knows you are a Soldier, right?
>
> ACC: Yes, Your Honor.
>
> MJ: Do you think that by hearing that from you and as you said he is trying to help you and do you think that feeling threatened by a service member that might--and it's just a question so it's either yes or no if you feel this

> way, that might bring the reputation of the service to civilians because he is a civilian, kind of bring it down a notch?
>
> ACC: Yes, Your Honor.

There was no additional substantive inquiry between the military judge and appellant regarding the prejudice of good order and discipline clause of the terminal element.

## LAW AND DISCUSSION

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact to question the plea. *Inabinette*, 66 M.J. at 322.

While this is a close case, the providence inquiry does not adequately show how appellant's conduct caused a "direct and palpable effect on good order and discipline." *United States v. Erickson*, 61 M.J. 230, 232 (C.A.A.F. 2005). Beyond appellant mentioning the word "discipline," his dialogue with the military judge did not develop any context relative to the offense and its impact on good order and discipline. A few extra questions to ensure appellant understood this clause of the terminal element would negate the need to extrapolate facts from elsewhere in the record.

Further, the stipulation of fact does not provide an additional factual basis upon which to satisfy this requirement. *See United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). Although a sworn statement enclosed with the stipulation indicates a non-commissioned officer from appellant's unit witnessed the threat as he escorted appellant to the emergency room at a hospital on-post, the evidence in the record did not buttress a prejudicial impact. The NCO reported the incident to security officers, his acting first sergeant, and the military police, but he did not elaborate on how appellant's conduct affected him or the unit. Without additional evidence, there is not a sufficient basis for accepting the plea under Clause 1 of Article 134, UCMJ because the record before us does not clearly establish the charged offense was prejudicial to good order and discipline. *See Manual for Courts-Martial, United States* (2012 ed.) [hereinafter *MCM*], Part IV, 60.c.(1), (2), (3).

AGIRRE—ARMY 20140977

There is, however, a factual basis that supports appellant's conduct was service discrediting. *See United States v. Phillips*, 70 M.J. 161, 166 (C.A.A.F. 2011). Consequently, we will dismiss the language "was to the prejudice of good order and discipline in the armed forces and" from the Specification of Charge II.

**CONCLUSION**

The court affirms only so much of the finding of guilty of The Specification of Charge II as finds that:

> [Appellant], U.S. Army, did, at or near Fort Hood, Texas, on or about 30 May 2014, wrongfully communicate to Dr. [S.E.] a threat that there would be consequences and he was going to get him, or words to that effect, and that said conduct was of a nature to bring discredit upon the armed forces.

The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principals of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), the court AFFIRMS the sentence.

Senior Judge TOZZI concurs.

CAMPANELLA, Judge, dissenting:

I respectfully disagree with my brethren. My read of the record does not establish a substantial basis in law and fact to reject appellant's plea as to the Article 134, UCMJ, terminal element "prejudicial to good order and discipline." To the contrary, the record reveals that appellant understood the nature of the offense, freely admitted the elements of that offense, and pleaded guilty because he was guilty. The military judge properly defined the terminal elements prior to engaging in the providence inquiry with appellant. Appellant's responses adequately touched on the element of prejudice to good order and discipline as defined under Article 134, UCMJ. *MCM*, Part IV, ¶ 60.c.(2)(a).

The stipulation of fact further discussed the terminal element by providing first-hand NCO testimony as to how appellant's acts involved unit intervention - that constitutes direct evidence of prejudice to good order and discipline. Appellant's escort and NCO witnessed appellant's misconduct and provided a sworn statement, included as an enclosure to the stipulation of fact and separately entered into evidence as a prosecution exhibit. In the NCO's sworn statement he states that soon

4

after the incident, "I called… my acting [first sergeant] and the [military police] to explain what had happened.  Once I finished my [p]hone call I had came back in to the hospital to find more security and hospital staff standing around his room." [sic].  The location of appellant's conduct is also worth recognizing.  It is reasonable to infer that other soldiers could have witnessed appellant's misconduct because it took place in the emergency room at the on-post hospital.  Appellant also expressly agreed that the stipulation of fact could be used "on appeal to determine the providence of [his] guilty plea."  While this is a close case, in light of the entire record, I conclude appellant knowingly, intelligently, and voluntarily entered a plea of guilty and the judge did not abuse his discretion in accepting his plea.  I would affirm the findings of guilty and the sentence as approved by the convening authority.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court