# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant VICTOR M. LOPEZ**
**United States Army, Appellant**

ARMY 20140891

Headquarters, United States Army South
Wade N. Faulkner, Military Judge
Lieutenant Colonel James S. Tripp, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Aaron R. Inkenbrandt, JA; Captain Jennifer K. Beerman, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Daniel D. Derner, JA; Captain Samuel E. Landes, JA (on brief).

21 January 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Judge BURTON:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of possessing child pornography, one specification of distributing child pornography, and one specification of adultery[1] in violation of Articles 134, Uniform Code of Military Justice, 10 U.S.C. §934 (2012) [hereinafter UCMJ]. The court sentenced appellant to be discharged from the service with a dishonorable discharge, to be confined for twenty-three months and to be reduced to the grade of E-1. The convening authority approved the sentence as adjudged.

Appellant's case is before this court for review under Article 66, UCMJ. Appellant counsel raises two errors, one of which merits discussion and relief.

---

[1] Appellant was found guilty of adultery, except the words, "was to the prejudice of good order and discipline in the armed forces".

## BACKGROUND

Appellant was charged with and pleaded guilty to Specification 1 of The Charge, in violation of Article 134, UCMJ, as follows:

> [Appellant], U.S. Army, did, at or near Bogota, Columbia, between 15 January 2014 and about 29 January 2014, knowingly and wrongfully possess child pornography, to wit: approximately three[2] images and 28 videos of a minor, or what appears to be a minor, engaging in sexually explicit conduct, and that said conduct was to the prejudice of good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces.

During the providence inquiry, the military judge described the two clauses of the terminal element of Article 134, UCMJ offenses in the conjunctive, as they were charged. Appellant admitted in his own words:

> It's prejudicial against good order and discipline, sir, um, because, us, not only did the people I work with had to find someone else immediately while I was removed from my position; they also have to feel and do everything that I have done for almost an entire an year which is very difficult. Not only did I have to be in different groups but also different entities. And in turn it took—it takes time for the government to find someone to replace me which means that they would have to do your job plus their job.

When asked by the military judge, "[W]hen it was discovered that you had this child pornography were you suspended from your duties at all?" Appellant responded: "I was told to go into my office and wait there and not go nowhere. And then my supervisor was told the same thing not to leave me to go nowhere and I was in my office still working because I didn't know why at that time."

The providence inquiry concluded with no additional inquiry into prejudicial to good order and discipline.

Appellant was charged with and pleaded guilty to specification 2 of the Charge, in violation of Article 134, UCMJ, as follows:

> [Appellant], U.S. Army, did, at or near Bogota, Columbia, on or about 22 January 2014, knowingly and wrongfully

---

[2] The charges was amended after pleas and before findings to two images.

distribute child pornography, to wit: approximately six videos of a minor, or what appears to be a minor, engaging in sexually explicit conduct, to another person via a Peer-to-Peer Network called Shareaza, and that said conduct was to the prejudice of good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces.

During the providence inquiry for this specification, the military judge again described the two clauses of the terminal element of Article 134, UCMJ offenses in the conjunctive, as they were charged. When asked why his conduct was prejudicial to good order and discipline, Appellant stated:

Um, I was- - I was stating earlier as far as my position, not only I was gone now that somebody has to replace me and learn everything that I had to do in a short period of time which is not really - - it's not possible to do. You have to be there for some amount of time.

The providence inquiry for this specification concluded with no additional inquiry into prejudicial to good order and discipline.

## LAW AND DISCUSSION

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact to question the plea. *Inabinette*, 66 M.J. at 322.

In this case, the providence inquiry does not adequately establish how appellant's conduct caused a "'direct and palpable prejudice' to good order and discipline." *United States v. Erickson*, 61 M.J. 230, 232 (C.A.A.F. 2005). The investigation into appellant's possession of child pornography or the command's response after the investigation are not a legitimate basis for accepting the plea because it does not demonstrate how the charged offense had an effect on good order and discipline. Additionally, the stipulation of fact does not provide an additional factual basis upon which to satisfy this requirement. *See United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

There is, however, a factual basis to support that appellant's conduct is service discrediting. *See United States v. Phillips*, 70 M.J. 161, 166 (C.A.A.F. 2011). Consequently, we will dismiss the language "to the prejudice of good order and discipline in the armed forces" from Specification 1 and Specification 2 of The Charge.

## CONCLUSION

The court affirms only so much of the finding of guilty of Specification 1 of The Charge as finds that:

> [Appellant], U.S. Army, did, at or near Bogota, Columbia, between 15 January 2014 and about 29 January 2014, knowingly and wrongfully possess child pornography, to wit: approximately two images and 28 videos of a minor, or what appears to be a minor, engaging in sexually explicit conduct, and that said conduct was of a nature to bring discredit upon the armed forces.

The court affirms only so much of the finding of guilty of Specification 2 of The Charge as finds that:

> [Appellant], U.S. Army, did, at or near Bogota, Columbia, on or about 22 January 2014, knowingly and wrongfully distribute child pornography, to wit: approximately six videos of a minor, or what appears to be a minor, engaging in sexually explicit conduct, to another person via a Peer-to-Peer Network called Shareaza, and that said conduct was of a nature to bring discredit upon the armed forces.

The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). We are confident that based on the entire record and appellant's course of conduct, the panel would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence.

We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

Senior Judge MULLIGAN and Judge HERRING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court