# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class NICHOLAS DOHERTY**
**United States Army, Appellant**

ARMY 20160390

Headquarters, 2d Infantry Division/ROK-US Combined Division
Tiernan P. Dolan, Military Judge
Colonel Timothy P. Hayes, Jr., Staff Judge Advocate

For Appellant:  Major Andres Vazquez, Jr., JA; Captain Katherine L. DePaul, JA (on brief).

For Appellee:  Lieutenant Colonel A.G. Courie III, JA (on brief).

2 December 2016

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curium:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of sexual abuse of a child, one specification of indecent exposure, and one specification of possessing child pornography in violation of Articles 120b, 120c, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920b, 920c, and 934 (2012 & Supp. II 2015; 2012 & Supp. III 2016) [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge, confinement for eight years, and reduction to the grade of E-1.  The convening authority approved the findings and only so much of the sentence as provided for a dishonorable discharge, confinement for sixty months, and reduction to the grade of E-1.

Appellant's case is before this court for review under Article 66, UCMJ. Appellant personally raises one matter pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), that is without merit.

## BACKGROUND

Appellant was charged with and pleaded guilty to the Specification of Additional Charge IV, in violation of Article 134, UCMJ, as follows:

> [Appellant], U.S. Army, did, at or near Camp Humphreys, Republic of Korea, on or about 4 January 2016, knowingly and wrongfully possess child pornography, to wit: more than 10 digital images of minors, or what appears to be minors, engaging in sexually explicit conduct, and that said conduct was to the prejudice of good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces.

During the elements portion of the providence inquiry, the military judge only described Clause 2 of the terminal element of Article 134, UCMJ; he did not mention or define Clause 1, despite the fact both clauses were charged in the conjunctive. In the colloquy that followed, appellant discussed how his possession of child pornography was service discrediting without mentioning whether that conduct was prejudicial to good order and discipline, and there was no additional substantive inquiry between the military judge and appellant regarding Clause 1 throughout the remainder of the trial. Moreover, the parties did not include any language pertaining to Clause 1 in the stipulation of fact supporting their pretrial agreement.

## LAW AND DISCUSSION

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact to question the plea. *Inabinette*, 66 M.J. at 322.

The providence inquiry does not adequately show how appellant's conduct caused a "direct and palpable effect on good order and discipline." *United States v. Erickson*, 61 M.J. 230, 232 (C.A.A.F. 2005). After the military judge omitted the definition of Clause 1, appellant's dialogue with the military judge did not develop any context relative to his possession of child pornography and its impact on good order and discipline. Further, the stipulation does not act as a safety net in this case, as it does not provide an additional factual basis upon which to satisfy this requirement. *See United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

DOHERTY— ARMY 20160390

Without additional evidence, there is not a sufficient basis for accepting the plea under Clause 1 of Article 134, UCMJ because the record before us does not clearly establish the charged offense was prejudicial to good order and discipline. *See Manual for Courts-Martial, United States* (2012 ed.), Part IV, 60.c.(1), (2), (3).

There is, however, a factual basis that supports appellant's conduct was service discrediting. *See United States v. Phillips*, 70 M.J. 161, 166 (C.A.A.F. 2011). Consequently, we will dismiss the language "to the prejudice of good order and discipline in the armed forces and" from the Specification of Additional Charge IV.

**CONCLUSION**

The court affirms only so much of the finding of guilty of the Specification of Additional Charge IV as finds that:

> [Appellant], U.S. Army, did, at or near Camp Humphreys, Republic of Korea, on or about 4 January 2016, knowingly and wrongfully possess child pornography, to wit: more than 10 digital images of minors, engaging in sexually explicit conduct, and that said conduct was of a nature to bring discredit upon the armed forces.

Additionally, to properly reflect the military judge's clear intent to merge Specifications 1 and 2 of Charge I for both findings and sentencing, we consolidate Specification 1 and 2 of Charge I into a single specification, denominated the Specification of Charge I, to read as follows:

> [Appellant], U.S. Army, did, at or near Camp Humphreys, Republic of Korea, on or about 30 December 2015, commit a lewd act upon Miss H.D. and Miss R.D., children who had not attained the age of 12 years, to wit: masturbating in the presence of said children.

The finding of guilty to Specification 2 of Charge I is set aside and that Specification is DISMISSED. The finding of guilty to the Specification of Charge I, as so amended, is AFFIRMED.

The remaining finding of guilty is AFFIRMED.

3

DOHERTY— ARMY 20160390

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), the sentence as approved by the convening authority is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court