# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, SCHASBERGER, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist TREY A. SANDERS**
**United States Army, Appellant**

ARMY 20160716

Headquarters, United States Army Alaska
Kenneth W. Shahan, Military Judge
Colonel Roseanne M. Bennett, Staff Judge Advocate

For Appellant: Captain Cody Cheek, JA; Major Brian J. Sullivan, JA.

For Appellee: Lieutenant Colonel Eric K. Stafford.

31 August 2017

------------------------------------
SUMMARY DISPOSITION
------------------------------------

SCHASBERGER, Judge:

A military judge sitting as a general court martial convicted appellant, pursuant to his pleas, of two specifications of aggravated assault with a dangerous weapon, one specification of assault consummated by battery, and one specification of communicating a threat in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for seven months and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

Appellant's case is before this court for review under Article 66, UCMJ. Appellant personally raises three matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982); one of which merits discussion and relief.

**BACKGROUND**

Appellant was charged with and pleaded guilty to the Specification of Charge II, in violation of Article 134, UCMJ, as follows:

> [Appellant], U.S. Army, did, at or near Anchorage, Alaska on or about 4 March 2016, wrongfully communicate to Miss [MSS] a threat to kill her, by saying "I'll kill you," or words to that effect, such conduct being to the prejudice of good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces.

During the providence inquiry, the military judge described the two clauses of the terminal element of Article 134, UCMJ, in the disjunctive, despite the fact the clauses were charged in the conjunctive. The following colloquy occurred between the military judge and appellant:

> MJ: And I defined to you earlier the definitions of prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces. Do you believe that your conduct was one of these two things?
>
> ACC: Yes, Sir.
>
> MJ: Which one? You can talk to your lawyer, if you want to.
>
> ACC: Sir, it's service discrediting.
>
> MJ: Okay. So the definition of service discrediting is conduct which tends to harm the reputation of the service or lower it in public esteem. So in other words, do you believe that if the public knew- -the members of the general public knew that you were doing this, that that would tend to lower the- -their opinion of the Army?
>
> ACC: Yes, sir.
>
> MJ: Why is that?
>
> ACC: Well, we're supposed to carry ourselves in a certain manner, sir, discipline- -supposed to be trustworthy.
>
> MJ: So Soldiers threatening to kill their wives may not look good to members of the public?

2

ACC:  Yes, sir.

There was no additional substantive inquiry between the military judge and appellant regarding the terminal element of Article 134.  The stipulation of fact was silent as to either effect of discipline on the unit or reputation of the service.

## LAW AND DISCUSSION

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it."  *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)).  We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact for questioning the guilty plea.  *Id.* at 322; UCMJ art. 45; Rule for Courts-Martial [hereinafter R.C.M.] 910(e).

The accused must admit every element of the offense to which he pleads guilty.  *See* R.C.M. 910(e) discussion.  A providence inquiry must set forth, on the record, the factual basis that establish that the acts of the accused constituted the offense to which he is pleading guilty.  *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969).  Where appellant only admits to the elements, and the totality of the inquiry fails to clarify the factual basis to support appellant's actions, the plea is improvident.  *See United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002).

In this case, the providence inquiry does not adequately establish how appellant's conduct caused a "direct and palpable effect on good order and discipline." *See United States v. Erickson*, 61 M.J. 230, 232 (C.A.A.F. 2005).  Additionally, the stipulation of fact does not provide an additional factual basis upon which to satisfy this requirement.  There is however, a factual basis to support that appellant's conduct is service discrediting. *See United States v. Phillips*, 70 M.J. 161, 166 (C.A.A.F. 2011).  Consequently, on the record before us, we will dismiss the language "to the prejudice of good order and discipline in the armed forces and" from the Specification.

## CONCLUSION

The court affirms only so much of the finding of guilty of The Specification of Charge II as finds that:

> Did, at or near Anchorage, Alaska on or about 4 March 2016, wrongfully communicate to Miss MSS a threat to kill her, by saying, "I'll kill you," or words to that effect,

SANDERS—ARMY 20160716

> such conduct being of a nature to bring discredit upon the
> armed forces.

The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted, the entire record, and in accordance with the principals of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). We are confident that based on the entire record and appellant's course of conduct, the military judge would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence.

Senior Judge TOZZI and Judge BURTON concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court

4