*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
TANG, LAWRENCE, and STEPHENS,
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Nicholas S. GITTO**
Lance Corporal (E-3), U.S. Marine Corps
Appellant

**No. 201900217**

Decided: 18 March 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Peter S. Rubin (arraignment)
Emily A. Jackson-Hall (motions)
Glen R. Hines (trial)

Sentence adjudged 24 March 2019 by a general court-martial convened at Marine Corps Air Station Cherry Point, North Carolina, consisting of a military judge sitting alone. Sentence approved by the convening authority: reduction to pay grade E-1, confinement for 36 months,[1] and a dishonorable discharge.

---

[1] The Convening Authority suspended confinement in excess of 12 months pursuant to a pretrial agreement.

For Appellant:
*Captain Kimberly D. Hinson, JAGC, USN*

For Appellee:
*Brian K. Keller, Esq.*

Senior Judge TANG delivered the opinion of the Court, in which
Judges LAWRENCE and STEPHENS joined.

———————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Practice and Procedure 30.2**

———————————

TANG, Senior Judge:

A military judge convicted Appellant, pursuant to his pleas, of sexual
abuse and sexual assault of a child, possession of child pornography, and
indecent conduct in violation of Articles 120b and 134, Uniform Code of
Military Justice [UCMJ].[2]

Appellant did not raise any assignments of error. However, in conducting
our review pursuant to Articles 59 and 66, UCMJ,[3] we find insufficient
evidence of one of the terminal elements of Charge II, Specifications 1 and 2,
except out the language, conduct a sentence reassessment, and take action in
our decretal paragraph.

## I. DISCUSSION

### A. Facts

The charges arise from Appellant's relationship with CM, a child. Appel-
lant found CM's social media profile and began corresponding with her. When
they first met online, CM was 14 years old. Appellant noticed CM's profile
because she lived in his hometown in New Jersey. Appellant was stationed at
Marine Corps Air Station Cherry Point, North Carolina.

---

[2] 10 U.S.C. §§ 920b, 934 (2016).

[3] 10 U.S.C. §§ 859, 866 (2016).

After maintaining correspondence for several months, Appellant went home on leave. By then, CM was 15 years old. When he met CM in person for the first time, they had sex in his truck near a wooded area. After returning to North Carolina, Appellant exchanged sexually explicit messages and photographs with CM. She sent him photographs of her breasts and vagina, and he saved screenshots of the photographs. Appellant sent CM pictures of his penis.

Appellant's misconduct did not come to light until special agents of the Naval Criminal Investigative Service investigated a female Marine's allegation that Appellant sexually assaulted her. When special agents asked to search his cell phone, Appellant agreed. Only then did they discover Appellant's inappropriate relationship with CM.

Appellant was charged with two specifications under Article 134, UCMJ, for knowing possession of child pornography and indecent acts for exchanging explicit photographs with CM. The specifications alleged Appellant violated both clauses 1 and 2 of Article 134 in that his actions were *both* to the prejudice of good order and discipline in the armed forces *and* were of a nature to bring discredit upon the armed forces.

Appellant entered into a pretrial agreement with the convening authority and entered pleas of guilty to all of the charges and specifications. During the providence inquiry, the military judge defined the elements of the Article 134, UCMJ, offenses, including the definitions related to clause 1. Then the military judge engaged in the following colloquy with Appellant about clause 1 with regard to the terminal element of Charge II, Specification 1:

> MJ: Now, do you believe that your conduct was to the prejudice of good order and discipline in the Armed Forces?
>
> [Appellant]: I do, Your Honor.
>
> MJ: Explain to me why you believe that.
>
> [Appellant]: I believe that because if my fellow Marines had known that I was possessing these photographs [of child pornography], they would question my decisiveness to be able to listen to orders and my discipline in the Armed Forces.

> MJ:   So you believe, as I explained the definition to you, that your conduct caused a reasonably direct and obvious injury to good order and discipline?
>
> [Appellant]:   Yes, Your Honor.[4]

As relates to Charge II, Specification 2, Appellant again agreed that his conduct was to the prejudice of good order and discipline in the armed forces. This time, he said, "As same in Specification 1, if my fellow Marines had known that I had sent a visual depiction of my penis to a minor, they would question my ability to listen to orders and my discipline in the Marine Corps."[5]

In the Stipulation of Fact, admitted as Prosecution Exhibit 1, in the sections addressing Charge II, Specifications 1 and 2, Appellant (and the Government) stipulated, "I understand and agree that [the charged action] was conduct that was to the prejudice of good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces."[6]

The military judge accepted his pleas and found him guilty of Charge II, Specifications 1 and 2 as charged.

## B. Substantial Basis to Question Providence of Appellant's Guilty Pleas to Charge II, Specifications 1 and 2

Before accepting a guilty plea, a military judge must ensure the plea is supported by a factual basis.[7] The military judge must elicit sufficient facts to satisfy every element of the offense in question, and a military judge's decision to accept a plea of guilty is reviewed for an abuse of discretion.[8] Questions of law arising from the guilty plea are reviewed de novo.[9] A reviewing appellate court may only reject a guilty plea if there is a substantial basis in law or fact to question the plea.[10]

---

[4] Record at 104.

[5] *Id.* at 109.

[6] Pros. Ex. 1 at 5, ¶cc & ¶mm.

[7] Article 45(a), UCMJ; *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969); Rule for Courts-Martial 910(e).

[8] *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

[9] *Id.* (citing *United States v. Pena*, 64 M.J. 259 (C.A.A.F. 2007)).

[10] *Id.* (citing *United States v. Prater,* 32 M.J. 433 (C.M.A. 1991)).

We find there is a substantial basis in fact to question the providence of Appellant's guilty plea as it relates to the clause 1 aspects of the Article 134, UCMJ, offenses in Charge II.

Clauses 1 and 2 are not the same. As the Court of Military Appeals has held, "[a]lthough those two clauses appear to overlap substantially and are often treated on a dual basis, as obviously was the case below, they are nonetheless distinct and frequently apply singly."[11]

Clause 1:

> [R]efers only to acts directly prejudicial to good order and discipline and not to acts which are prejudicial *only in a remote or indirect sense.* Almost any irregular or improper act on the part of a member of the military service could be regarded as prejudicial in some indirect or remote sense; however, this article does not include these distant effects. It is confined to cases in which the prejudice is *reasonably direct and palpable.*[12]

To meet the clause 1 terminal element, there must be proof of *direct* prejudice to good order and discipline. Clause 1 does not penalize conduct that is *of a nature* to potentially result in prejudice to good order and discipline *if* certain conditions precedent had been met—such as the fact that Appellant's fellow Marines *may* have held Appellant in lower regard if they knew of his offenses. Clause 1 penalizes conduct that actually had a "reasonably direct and palpable" prejudice to good order and discipline.[13] By contrast, for clause 2, "proof of the conduct itself *may* be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that, under all the circumstances, it was of a nature to bring discredit upon the armed forces."[14]

In, this case, Appellant's providence inquiry did not establish a violation of clause 1. His providence inquiry did not establish *any* effect on good order and discipline—and certainly not a direct and palpable one. The inquiry and evidence presented showed that military authorities were completely unaware of Appellant's offenses until the later, unrelated, sexual assault

---

[11] *United States v. Caballero*, 49 C.M.R. 594, 595 (C.M.A. 1975).

[12] *Manual for Courts-Martial, United States* (2019 ed.), pt. IV, ¶ 60.c.(2)(a) (emphasis added).

[13] *Id.*

[14] *United States v. Phillips*, 70 M.J. 161, 163 (C.A.A.F. 2011) (emphasis in original).

allegation resulted in a search of Appellant's cell phone. Appellant's offenses took place in another state and involved no other military personnel or military nexus. The fact that Appellant was charged with misconduct is not sufficient to constitute a direct and palpable effect on good order and discipline.

As related to clause 2, Appellant's providence inquiry sufficiently established that his offenses were of a nature to bring discredit upon the armed forces. Therefore, we find the evidence for a violation of clause 2 of the terminal element to be legally and factually sufficient. We will except the clause 1 language from the specification in our decretal paragraph.

## C. Sentence Reassessment

Having disapproved language in both specifications of Charge II, we must now consider whether we can reassess the sentence pursuant to *United States v. Winckelmann*.[15] After analyzing the *Winckelmann* factors, we can confidently and reliably determine that Appellant's sentence would be unchanged.[16]

## II. CONCLUSION

After careful consideration of the record of trial, we conclude the findings for Charge I are correct in law and fact. With respect to Charge II, Specifications 1 and 2, we except out the language, "to the prejudice of good order and discipline in the armed forces and." After this action, the terminal element for Charge II, Specifications 1 and 2 shall read only, "and that said conduct was of a nature to bring discredit upon the armed forces," and the findings will be correct in law and fact. Because these exceptions have no bearing on the sentence, we find the sentence is correct in law and fact and find no error materially prejudiced Appellant's substantial rights. Arts. 59, 66, UCMJ. Accordingly, the findings as modified and sentence as reassessed are **AFFIRMED**.

---

[15] 73 M.J. 11 (C.A.A.F. 2013).

[16] The penalty landscape was unchanged; the remaining offenses captured the gravamen of Appellant's misconduct; the same aggravation evidence would have been admissible; Appellant elected sentencing by a military judge; and we have experience and familiarity with these offenses. *See id.* at 15-16.

The supplemental CMO shall except out the words "to the prejudice of good order and discipline in the armed forces and," from the amended Specifications 1 and 2 of Charge II.

Judges LAWRENCE and STEPHENS concur.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court