*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HOUTZ, MYERS, and KISOR
Appellate Military Judges

———————————————

**UNITED STATES**
*Appellee*

**v.**

**Jordan A. JONES**
Machinist's Mate Fireman (E-3), U.S. Navy
*Appellant*

**No. 202100129**

———————————————

Decided: 31 October 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Ann K. Minami (arraignment)
Kimberly J. Kelly (motions and trial)

Sentence adjudged 15 January 2021 by a general court-martial convened at Naval Base Kitsap-Bremerton, Washington, consisting of officer and enlisted members. Sentence in the Entry of Judgment: reduction to paygrade E-1, confinement for 10 years, forfeiture of all pay and allowances, and a dishonorable discharge.

For Appellant:
*Lieutenant Commander Megan P. Marinos, JAGC, USN*
*Jonathan W. Crisp, Esq.*

For Appellee:
*Lieutenant Gregory A. Rustico, JAGC, USN*

Senior Judge HOUTZ delivered the opinion of the Court, in which Judge MYERS and Judge KISOR joined.

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

_____

HOUTZ, Senior Judge:

Officer and enlisted members sitting as a general court-martial convicted Appellant, contrary to his pleas, of sexual assault in violation of Article 120, Uniform Code of Military Justice [UCMJ].[1] Appellant was also convicted, pursuant to his pleas, of desertion, absence without leave, escape from custody, false official statement, wrongful possession of a controlled substance, and wrongful appropriation in violation of Articles 85, 86, 87a, 107, 112a, and 121 UCMJ, respectively.[2] Appellant asserts three assignments of error [AOE]: (1) the admission of his statement, "I'm going to tap that" implicated Appellant's substantial right to be presumed innocent under the Due Process Clause of the Fifth Amendment, and but for that error, the outcome of the proceeding would have been different; (2) trial defense counsel provided ineffective assistance of counsel by failing to object to highly prejudicial propensity evidence, request a curative instruction, or seek any jury instruction regarding the use or consideration of this evidence, and inadequately questioned Appellant on direct examination; and (3) in light of *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020), military accused have the right to unanimous verdicts in criminal trials at courts-martial.[3] We find no prejudicial error and affirm.

## I. BACKGROUND

On 31 May 2019, several enlisted Sailors spent the night in Seattle, Washington, at a Days Inn. Among these Sailors were Victim Romeo and Appellant.

---

[1] 10 U.S.C. § 920.

[2] 10 U.S.C. §§ 885, 886, 887a, 907, 912a, 921.

[3] We have reviewed Appellant's second AOE and find it to be without merit. *See United States v. Matias*, 25 M.J. 356, 363 (C.M.A. 1987). Additionally, we have reviewed Appellant's third AOE and find it to be without merit in light of our recent decision in *United States v. Causey,* 82 M.J. 574 (N-M Ct. Crim. App. 2022). *Id*.

That evening, the group began drinking hard liquor straight from the bottle and Victim Romeo became ill. Victim Romeo's friend, Airman Recruit [AR] Delta, aided Victim Romeo in changing into clean sleeping attire and assisted her to one of the other hotel rooms the group had booked so that she could sleep. After discovering both of the beds in the room were already occupied, Victim Romeo told AR Delta she would sleep in the bed with AN Whiskey, a friend whom Victim Romeo had casually dated previously. AN Whiskey had also been drinking and was asleep when Victim Romeo got into the bed. Victim Romeo went to sleep, but woke up to vomit sometime thereafter before going back to sleep.

After falling back asleep, Victim Romeo awoke a second time—this time to pain and discomfort caused by Appellant repeatedly thrusting his penis into her vagina. Victim Romeo attempted to fight off Appellant by hitting his shoulders, and told him "stop" and "no" before starting to cry.[4] Appellant ignored Victim Romeo's pleas. After ejaculating, Appellant told Victim Romeo everything was okay and to stop crying before leaving the room. Victim Romeo proceeded to wake AN Whiskey, telling him Appellant "raped" her.[5] Victim Romeo also called her father shortly thereafter and explained what had occurred. AN Whiskey, along with several of their other friends, confronted Appellant, who denied Victim Romeo's allegations. Victim Romeo was accompanied to the hospital by AR Delta and a police officer, where she underwent a sexual assault forensic examination. At trial, the DNA examiner concluded the sample retrieved contained an amount of semen consistent with full ejaculate and the DNA matched Appellant.

Prior to trial, the parties litigated a defense motion to exclude evidence proffered by the Government under Mil. R. Evid. 404(b).[6] Among this evidence was a statement Appellant made earlier on the evening of the incident to Machinist's Mate Third Class [MM3] Charlie (one of the other Sailors present at the hotel), in which Appellant stated that "he was going to have sex 'regardless' that night, or that he was 'going to get some tonight,' or words to that effect."[7] During the Article 39(a) session, trial counsel told the military judge the Government no longer intended to introduce this statement at trial.[8] As a result,

---

[4] R. at 513-14.

[5] R. at 519-20, 639-40.

[6] Appellate Ex. XXXVII.

[7] *Id.*

[8] R. at 31.

no ruling was made as to whether this statement constituted improper 404(b) material.

At trial, the Government questioned MM3 Charlie about Appellant's statements to him on the evening of the incident.

> TC: Did [Appellant] say anything about what his intentions were that night?
>
> MM3: Yeah, somewhat.
>
> TC: What did he say?
>
> MM3: That he was trying to get with them.
>
> TC: Okay. Do you remember him saying that he was going to get some that night?
>
> MM3: Yeah.[9]

At no point did trial defense counsel object to the line of questioning or reference to Appellant's statements.

Additionally, the Government questioned AR Delta about her interactions with Appellant on the evening of the incident. AR Delta testified that on meeting Appellant at the hotel for the first time, Appellant stated, "[O]h, damn, I'm going to hit that tonight," referring to AR Delta's body.[10] AR Delta testified that Appellant told her "he was going to tap that" for a second time later in the evening, again referencing AR Delta.[11] Trial defense counsel did not object to the line of questioning regarding these statements in either instance.

## II. Discussion

Appellant argues that the admission of his statements to MM3 Charlie and AR Delta implicated his substantial right to be presumed innocent under the Due Process Clause of the Fifth Amendment and not be convicted based on uncharged acts. Appellant further claims that, but for that error, the outcome of the proceeding would have been different. We disagree.

Appellant asserts that the words "I'm going to tap that," twice repeated, can only be seen through the lens of propensity—specifically the propensity to

---

[9] R. at 768-69.

[10] R. at 760.

[11] R. at 748.

commit the charged acts in question and "that he was a bad man."[12] Appellant goes on to argue the Government's failure to provide notice under Mil. R. Evid. 404 for the admission of these alleged statements resulted in material prejudice to his due process rights to be presumed innocent of the charged offense and not be convicted based on uncharged acts of misconduct.[13]

The Government argues Appellant's statements are not governed by Mil. R. Evid. 404(b), and as such, advanced notice of its intent to introduce them at trial was not required.[14] The Government instead insists Appellant's statements constituted admissible, non-hearsay statements, offered to prove intent, not propensity.[15] In turn, Appellant was not entitled to the notice requirements of Mil. R. Evid. 404(b) and Appellant's failure to object to testimony about his past statements—either before or during trial—resulted in his forfeiting the issue.

The Government maintains that even if the Court finds Appellant's statements do fall under the realm of Mil. R. Evid. 404(b), it provided adequate notice of its intent to introduce Appellant's statements prior to trial.[16] After a review of the record, it does appear the Government listed Appellant's statements to MM3 Charlie of "I'm going to get some tonight" or words to that effect on its 404(b) notice prior to the Article 39(a) session.[17] However, the record also reflects trial counsel confirming the Government did not intend to introduce these statements at trial during an exchange with the military judge.[18] Additionally, Appellant's statements to AR Delta of "I'm going to tap that" were not included in the Government's notice to Appellant, nor were they referenced in the Article 39(a) session. Therefore, it appears the Government did not provide notice to Appellant of its intent to introduce these statements ahead of trial.

---

[12] Appellant's Br. at 16.

[13] Appellant's Br. at 16.

[14] Appellee's Br. at 14. The Government argues that these statements are not evidence of a crime, wrong, or other act. Trial counsel's inclusion of Appellant's statement to MM3 Charlie on the 404(b) notice prior to the 39(a) session appears to have been out of an abundance of caution—rather than the Government conceding this statement was governed by Mil. R. Evid. 404(b).

[15] Appellee's Br. at 15.

[16] Appellee's Br. at 14.

[17] Appellate Ex. XXXVII.

[18] R. at 31.

This requires us to determine whether Appellant's statements are governed by Mil. R. Evid. 404(b).

**A. Law**

"Where an appellant has not preserved an objection to evidence by making a timely objection, that error will be forfeited in the absence of plain error."[19] "Under the Court's plain error jurisprudence, to establish plain error an appellant must demonstrate (1) error, (2) that is clear or obvious at the time of appeal, and (3) prejudicial."[20] Whether an error, constitutional or otherwise, constitutes "plain error" is a question of law that we review *de novo*.[21]

Mil. R. Evid. 401 establishes "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[22] Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the members, undue delay, wasting time, or needlessly presenting cumulative evidence."[23]

An appellant's own statement offered by the Government to prove the truth of the matter asserted in the statement is not hearsay and may be admitted against the appellant.[24] Such evidence, if relevant, is "admissible unless excluded by some other rule of evidence."[25]

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted

---

[19] *United States v. Knapp*, 73 M.J. 33, 36 (C.A.A.F. 2014) (citation omitted); *see also* Mil. R. Evid. 103(f).

[20] *United States v. Long*, 81 M.J. 362, 369-70 (C.A.A.F. 2021) (quoting *United States v. Williams*, 77 M.J. 459, 462 (C.A.A.F. 2018)). *See also United States v. Knapp*, 73 M.J. at 36 (C.A.A.F. 2014) (citations omitted).

[21] *United States v. Tovarchavez*, 78 M.J. 458, 463 (C.A.A.F. 2019) (citing *United States v. Bowen*, 76 M.J. 83, 87 (C.A.A.F. 2017).

[22] Mil. R. Evid. 401.

[23] Mil. R. Evid. 403.

[24] Mil. R. Evid. 801(c), 801(d)(2)(A).

[25] *United States v. Shepard*, 34 M.J. 583, 588 (A.C.M.R. 1992), *aff'd*, 38 M.J. 408 (C.M.A. 1993); *see also United States v. Callara*, 21 M.J. 259, 264 (C.M.A. 1986); *United States v. Johnson*, 872 F.2d 612, 624 (5th Cir. 1989).

in accordance with the character."[26] Such evidence may, however, be admitted for other purposes, such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[27] While our superior court has held that evidence of charged offenses cannot be used as propensity evidence for other charged offenses, this rule does not apply to the non-propensity use of evidence of charged offenses to prove such things as intent or absence of mistake under Mil. R. Evid. 404(b).[28] Rather, Mil. R. Evid. 404(b) "is a rule of inclusion" that "permits admission of relevant evidence of other crimes or acts unless the evidence tends to prove *only* criminal disposition."[29]

## B. Analysis

We find Appellant has not demonstrated error. In this case, Appellant's statements of "I'm going to tap that" and "I'm going to get some tonight," were solicited by the Government through the testimony of AR Delta and MM3 Charlie.

In *United States v. Brazell*, the Government charged the appellant with sexual assault of a child and during trial offered evidence of a statement by the appellant to a non-complaining witness that while on a trip to Japan he "wanted to have sex with anything he could or f[***] anything with a hole in it."[30] Our sister court found this statement was admissible, concluding that it was both relevant under Mil. R. Evid. 401 and demonstrated the appellant's intent to satisfy his sexual desire.[31] The court concluded the probative value of the appellant's statement under Mil. R. Evid. 403 was not outweighed by other considerations.[32] The court went on to find the appellant's statement was

---

[26] Mil. R. Evid. 404(b)(1).

[27] Mil. R. Evid. 404(b)(2).

[28] *United States v. Hyppolite*, 70 M.J. 161, 164-65 (C.A.A.F. 2019); *United States v. Hills*, 75 M.J. 350, 357 n.4 (C.A.A.F. 2016).

[29] *United States v. Browning,* 54 M.J. 1, 6 (C.A.A.F. 2000) (citations omitted) (emphasis added).

[30] *United States v. Brazell*, No. ACM 39325, 2019 CCA LEXIS 34, *14-15 (A.F. Ct. Crim. App. Jan. 29, 2019).

[31] *Id*. at *17-18.

[32] *Id*.

"more one of intent than propensity and overtly demonstrated [his] desire to engage in a sexual act during [his] visit."[33]

Similarly here, Appellant's statements to AR Delta and MM3 Charlie were admissible non-hearsay statements demonstrating his intent and desire to engage in a sexual act while at the hotel that evening. These statements do not constitute hearsay as they were spoken by Appellant himself to the witnesses. Further, we conclude the probative value of these statements demonstrating the intent of Appellant on the evening of the incident substantially outweighs any risk of unfair prejudice posed by the phrases "tap that" or "get some," particularly when compared to the far more offensive language referenced in *Brazell*. Additionally, while the Government briefly referenced Appellant's statement he was "going to get some tonight" in closing argument, trial counsel in no way insinuated the statement served as evidence of Appellant's propensity to commit sexual misconduct or show he acted in accordance with a trait of general bad character.[34] This Court is not convinced trial defense counsel's lack of objection to these statements amounted to a clear error at the time of appeal, nor did this result in prejudice to Appellant.

Therefore, we find Appellant's statements were not governed by Mil. R. Evid. 404(b). Even if Mil. R. Evid. 404(b) was applicable in this instance, we find these statements would have served the legitimate purpose of proving Appellant's intent, rather than his propensity to commit "crimes, wrongs, or other acts." Additionally, we do not find these statements to have materially prejudiced a substantial right of Appellant. Accordingly, Appellant has failed to demonstrate that the admission of his statements constitutes plain error.

### III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[35]

The findings and sentence are **AFFIRMED**.

---

[33] *Id.*

[34] R. at 979.

[35] Articles 59 & 66, UCMJ.

FOR THE COURT:



MARK K. JAMISON
Clerk of Court